IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGIONS ASSET COMPANY, | * | |
| Plaintiff, | * | |
| VS. | * | CIVIL ACTION NO. 2:06CV882-MHT |
| REGIONS UNIVERSITY, INC., | * | |
| Defendant. | * | |

## ANSWER

Comes now defendant Regions University, Inc. and, as and for its answer to the complaint herein, alleges as follows:

### JURISDICTION AND VENUE

1. The allegations of paragraph 1 are merely descriptive and require no response by this defendant.

2. Defendant admits to the subject matter jurisdiction of this Court.

3. Admitted.

### PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies those allegations.

5. Admitted.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

6. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 5 above.

7. Defendant denies that Regions has been a famous name in Alabama or elsewhere in the United States. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and on that basis denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies those allegations.

14. Defendant denies that the Regions mark, alone or with other elements, is now or ever has become a famous name and mark in the Middle District of Alabama or elsewhere in the United States. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and on that basis denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies those allegations.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted.

20. Defendant admits that it received a copy of the letter attached as Exhibit B to the complaint which speaks for itself. Defendant further admits that it replied to plaintiff's letter on August 31, 2006 and that a copy of this letter is attached as Exhibit C to the complaint.

21. Defendant admits that it has changed its name to Regions University, Inc. and now refers to itself and its educational services under the name "Regions University" and has registered ten domain names containing the word "Regions," including the domain name www.regions.edu. Defendant denies each and every other allegation contained in paragraph 21 of the complaint.

22. Defendant admits that plaintiff, through its counsel, sent a letter dated September 14, 2006 to defendant's counsel, a copy of which is attached as Exhibit D to the complaint and that said letter speaks for itself. Defendant further admits that its counsel sent a letter to plaintiff's counsel dated September 25, 2006, a copy of which is attached as Exhibit E to the complaint, which letter speaks for itself. Defendant admits that it has adopted and is using the name "Regions University." Defendant denies each and every other allegation contained in paragraph 22 of the complaint.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTIONS OR REPRESENTATIONS IN VIOLATION OF SECTION 43(a)

28. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 24 above.

29. Denied.

30. Denied.

31. Denied.

## COUNT III

### DILUTION OF FEDERALLY REGISTERED SERVICE MARKS

32. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 24 above.

33. Denied.

34. Denied.

35. Denied.

## COUNT IV

### TRADEMARK INFRINGEMENT IN VIOLATION OF ALABAMA STATE LAW

36. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 24 above.

37. Denied.

38. Denied.

39. Denied.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 24 above.

41. Denied.

42. Denied.

43. Denied.

## COUNT VI

### INJURY TO BUSINESS REPUTATION AND DILUTION OF TRADEMARK

44. Defendant repeats and realleges, as if fully set forth herein, its answer as set forth in paragraphs 1 through 24 and 33 above.

45. Denied.

46. Denied.

47. Denied.

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense, defendant alleges that plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense, defendant alleges the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense, defendant alleges the doctrine of illegality.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense, defendant alleges that any prior use in commerce of the mark "Regions University" by the plaintiff was unlawful.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense, defendant alleges the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense, defendant alleges the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense, defendant alleges that plaintiff's mark "Regions" has been used as a common word for many years by many businesses within the area served by plaintiff, with plaintiff's knowledge, and to which it has never objected. Plaintiff is therefore estopped from asserting rights against this defendant with respect to its mark "Regions."

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and affirmative defense, defendant alleges the doctrine of acquiescence.

WHEREFORE, the premises considered, defendant prays that the plaintiffs take nothing by its complaint, for costs of suit herein incurred, and for such other and further relief as the Court may deem just and proper.

                                        Respectfully submitted,

                                        s/ WILLIAM W. WATTS, III
                                        [WATTW5095] bill@alabamatrial.com

>VICTOR T. HUDSON
>[HUDSV1684] tom@alabamatrial.com
>HUDSON & WATTS, LLP
>Post Office Box 989
>Mobile, Alabama 36601
>Phone: 251-432-7200
>
>ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>Charles B. Paterson, Esq.
>Paul A. Clark, Esq.
>BALCH & BINGHAM, LLP
>105 Tallapoosa Street, Suite 200
>Montgomery, Alabama 36104
>
>s/ WILLIAM W. WATTS, III