IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  CASE NO. 2:06-CV-882-MHT-TFM |
| | ) |
| REGIONS UNIVERSITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of the *Consent Protective Order* (Doc. 27, filed April 9, 2007), it is

**ORDERED** that the *Consent Protective Order* is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. This Order shall govern all documents, information and things produced by the parties in this action or submitted to the Court. Furthermore, this Order shall govern all information derived therefrom and all copies, excerpts or summaries thereof.

2. In addition, the following documents and all information derived from such documents shall be designated confidential:

    a. Any documents which contain trade secret or other confidential research, development, financial or commercial information of Defendant or its parent or subsidiary companies; and

  b. Any other documents which a party in good faith designates and marks as "Confidential;" provided, however, that nothing shall be regarded as confidential if the information is information that is in the public domain at the time of disclosure or that is not, in the ordinary course of business, treated as confidential by the producing party.

3. With respect to deposition testimony, within 30 days after the transcript has been received by counsel for the deponent, any confidentiality designations shall be made by said counsel, specifying that testimony being designated confidential by page and line number. Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein, shall be treated as "Confidential" under this Order.

4. Such confidential documents and information shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

  a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

  b. The parties in the above-styled action;

  c. The Court and persons employed by the Court working on this litigation;

  d. Court reporters at the proceedings in this action;

  e. Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

    f.    Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

5. Prior to making such disclosure of any confidential documents or information pursuant to Paragraph 4, the person to whom disclosure will be made must be provided with a copy of this Order and must agree to be bound by it. Any person, including an expert, to whom disclosure or circulation of confidential information is to be made shall, prior to such disclosure or circulation, sign a copy of the Non-Disclosure Agreement (a copy of which is attached hereto as Exhibit A) and thereby acknowledge that he or she has been informed of this Order and agrees to abide by and be bound by its terms. Confidential information shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

6. The provisions of this Protective Order shall not be construed to prevent any party from using confidential information in connection with the trial, any hearing or other public proceeding in this matter, provided that before any party so uses any confidential information, all reasonable steps shall be taken by the parties to maintain the confidentiality of the confidential information until it is offered into evidence, including, but not limited to, notifying the party who designated the material as "Confidential" of his or her intention to offer said material into evidence and, upon written request of that party, filing any such confidential information under seal of this Court.

7. Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, and upon written request of a party all confidential

information of such party and all copies thereof shall be returned to counsel for that party or, if that party so requests, shall be destroyed and an affidavit prepared and executed certifying to such destruction and mailed to the party producing that confidential information..

8. Nothing in this Order shall prevent a party from any use of its own confidential documents.

9. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

10. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

11. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

12. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

DONE this 9th day of April, 2007.

                /s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE

**PREVIOUSLY AGREED AND APPROVED BY:**

                /s/ Charles B. Paterson
                One of the Attorneys for Plaintiff Regions Asset
                Company

**OF COUNSEL:**
Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
Balch & Bingham, LLP
P.O. Box 78
Montgomery, Alabama 36101-0078
(334)834-6500 Telephone
(334)269-3115 Facsimilec
paterson@balch.com
pclark@balch.com

                /s/ Victor T. Hudson
                One of the Attorneys for Defendant Regions
                University, Inc.

**OF COUNSEL:**

| | |
|---|---|
| Victor T. Hudson (HUDSV1684) | James E. Shlesinger |
| William W. Watts, III (WATTW5095) | Shlesinger, Arkwright & Garvey LLP |
| Hudson & Watts, LLP | 1420 King Street, Suite 600 |
| P.O. Box 989 | Alexandria, Virginia 22314 |
| Mobile, Alabama 36601 | |
| (251)432-7200 Telephone | |
| (251)432-0078 Facsimile | |
| tom@alabamatrial.com | |