**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

May 11, 2007

# NOTICE OF CORRECTION

**From:**               **Clerk's Office**

**Case Style:**          **Regions Asset Company v. Regions University, Inc.**

**Case Number:**        **#2:06-cv-00882-MHT**

**Referenced Document:** **Document #29**
                         **Amended Complaint**

**This notice has been docketed to enter the certificate of service to the referenced document into the record. The original pdf did not contain a certificate of service. The corrected pdf is attached to this notice.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| REGIONS ASSET COMPANY, )<br>REGIONS FINANCIAL CORPORATION, )<br>and REGIONS BANK )<br> )<br>        Plaintiffs, )<br> )<br>v. )<br> )<br>REGIONS UNIVERSITY, INC. )<br> )<br>        Defendant. ) | Civil Action No. 2:06-cv-882-MHT |

## FIRST AMENDED COMPLAINT

Plaintiffs, Regions Asset Company, Regions Financial Corporation and Regions Bank, for their Complaint alleges as follows:

### JURISDICTION AND VENUE

1.     This is a civil action for federal trademark infringement in violation of the United States Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended, for use of false designations of origin and false or misleading descriptions or representations in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a), for dilution of incontestable federally registered service marks in violation of the United States Trademark Act of 1946, 15 U.S.C. § 1125(c), for trademark dilution and injury to business reputation in violation of Ala. Code § 8-12-17 and for other related claims under the law of the State of Alabama and at common law for trademark infringement and unfair competition of trademark.

2.     This Court has jurisdiction over this action under 15 U.S.C. §§ 1121 and under 28 U.S.C. §§ 1331, 1338(a) and (b) and § 1367 (a) as it involves substantial claims under the United States Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, combined with related claims for unfair

competition, dilution and trademark infringement under state law that form part of the same case and controversy.

3.     Venue is proper under 28 U.S.C. § 1391 in the Middle District of Alabama since defendant at all times material to this Complaint was and is doing business in this district and the claims arose in this district and elsewhere.

## PARTIES

4.     Regions Financial Corporation ("RFC") is a Delaware corporation with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203. RFC is a financial holding company. Among its wholly owned subsidiaries, direct or indirect, are Regions Bank, an Alabama corporation, and Regions Asset Company ("RAC"), a Delaware corporation. Regions Bank is an Alabama banking corporation with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203. RAC owns, among other things, the REGIONS name and marks and the registrations thereof and the goodwill represented thereby and is responsible for the licensing of the REGIONS name and mark to its affiliate Regions Bank and others and for the protection of the REGIONS name and mark and the enforcement of the rights thereto. RAC has its principal place of business at 3501 Silverside Road, Suite 209, Wilmington, Delaware 19810. RFC, RAC and Regions Bank are referred to hereafter collectively as "Regions."

5.     Defendant Regions University, Inc., formerly Southern Christian University, is an Alabama corporation having a principal place of business at 1200 Taylor Road, Montgomery, Alabama 36117-3553.

<u>COUNT I</u>

<u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS</u>

6.      Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 5 above.

7.      Regions was formed in 1971 with the combination of three banks in Alabama centered in Birmingham, Huntsville and Montgomery. Today, Regions is one of the largest financial service providers in the United States with over 1,300 locations in 16 states. Since 1993, Regions has been, and is now, conducting its business under the trade name, trading style and corporate identification Regions. The trade name Regions is and has been so commonly used by Regions and others to identify Regions and its businesses that Regions has been and generally is known as Regions. Regions is now, and since prior to the acts of defendant complained of herein, has been a famous name in Alabama and elsewhere in the United States.

8.      At least as early as December 1993 and long prior to the acts of defendant complained of herein, Regions adopted and began to use, and ever since continuously has used, the distinctive mark REGIONS, alone and with other elements, to identify its wide range of banking, financial and other services. These REGIONS marks, in addition to REGIONS, include REGIONS BANK, REGIONS MORTGAGE, REGIONS FINANCIAL CORP., REGIONS E-TRACKER, REGIONSNET, REGIONS REWARDS, REGIONS CHARITY CLASSIC, and REGIONS UNIVERSITY.

9.      Regions uses a consistent, distinctive typestyle for its REGIONS mark, whether used alone or with other elements as appears below for the REGIONS Logo marks currently used and used at the time of the filing of this lawsuit and for the REGIONS UNIVERSITY mark.



# REGIONS △.

## REGIONS UNIVERSITY

10.     Regions is well recognized and admired for the quality of the services it offers under its REGIONS mark.  For example, Regions is on the *Fortune* list of Most Admired superregional Banks in the United States and is ranked as one of the top small business-friendly financial services providers by the U.S. Small Business Administration.  This recognized quality of REGIONS services is in no small part a result of Regions' focus and commitment to providing its employees with the training necessary to serve its customers.  Regions has provided extensive training and educational services to its employees under its REGIONS UNIVERSITY mark. REGIONS UNIVERSITY has provided over 800,000 hours of training. REGIONS UNIVERSITY education program has received national recognition and was ranked by *Training Magazine* in the top 50 corporate training programs.  By reason of its importance, quality and scope, Regions makes its education and learning program a key element of its recruiting that is promoted to the public.

11.     The REGIONS financial services include significant financial services directed toward college students, colleges and universities.  For example, Regions in the year 2005 had outstanding student loans well in excess of $800,000,000.  Regions has special loan programs directed toward state colleges and other nonprofit institutions.

4

12.     Since long prior to the acts of defendant complained of herein, Regions has extensively advertised and promoted its REGIONS mark, alone and with other elements, for its various banking, financial and other services, including in the Middle District of Alabama, and elsewhere in the United States.

13.     The advertising and promotion of the REGIONS branded services includes television, radio, print, billboard and Internet advertising, as well as the presence of the many REGIONS bank locations and automated teller machines ("ATMs") in the communities Regions serves. Regions also promotes the REGIONS brand through sporting event sponsorships such as its prominent sponsorship of Southeastern Conference and Sunbelt college sporting events.

14.     By virtue of the long, continued and widespread advertising, promotion and sale of REGIONS branded banking, financial and other services and the quality and excellence of those services, the REGIONS mark, alone and with other elements, is now, and since long before the acts of defendant complained of herein has become, a famous name and mark in the Middle District of Alabama and elsewhere in the United States that is relied upon by the trade and the public to identify the services of Regions and to distinguish such services from the services of others. The REGIONS mark, alone and with other elements, has come to represent an extremely valuable goodwill belonging exclusively to Regions.

15.     The REGIONS mark, alone and with other elements, is registered in the United States Patent and Trademark Office with respect to various services under various registration numbers. Among the registrations owned by Regions are:

| Mark | SN/Reg. No. | Status | Goods or Services |
|------|-------------|--------|-------------------|
|      |             |        |                   |

| | RN 3119462 | Registered | Banking services |
|---|---|---|---|
| **REGIONS** | | | |
| REGIONS MOR LINKED CHECKING | RN 3112740 | Registered | Banking services |
| **REGIONS** FINANCIAL CORP. | RN 3103400 | Registered | Banking services |
| REGIONS PREFERRED BANKING | RN 2605827 | Registered | Banking services |
| REGIONS PREFERRED PLUS BANKING | RN 2599341 | Registered | Banking services |
| REGIONS E-SSENTIAL BANKING | RN 2599310 | Registered | Banking services |
| REGIONS CLASSIC BANKING | RN 2599309 | Registered | Banking services |
| REGIONS BASIC BANKING | RN 2599308 | Registered | Banking services |
| REGIONSNET | RN 2250389 | Registered | Banking services on computer networks such as the World Wide Web |
| REGIONS REWARDS | RN 2191540 | Registered | Banking services |
| REGIONSBANK | RN 1918496 | Renewed | Banking services |
| REGIONS | RN 1881600 | Renewed | Banking services |

Each of these REGIONS registrations is valid and subsisting, unrevoked and uncancelled.

Regions' rights to the REGIONS mark for banking services is incontestable. Regions is the

owner of each of these registrations, the marks shown therein, and of all the business and

goodwill connected therewith.

6

16.     Defendant is a private educational institution offering courses at undergraduate and graduate levels with its headquarters and primary campus in Montgomery, Alabama. Defendant also offers its services online via the Internet. For approximately 15 years, defendant offered its services under the name and mark SOUTHERN CHRISTIAN UNIVERSITY. Photographs showing the SOUTHERN CHRISTIAN UNIVERSITY mark appearing on defendant's Montgomery campus are attached as Exhibit A.

17.     Defendant is well aware of and, since long prior to its acts complained of herein, has been well aware of the REGIONS name and mark and of the vast goodwill it represents and symbolizes in Montgomery and elsewhere in Alabama and the United States, and that the public recognizes and relies upon the REGIONS name and mark to identify Regions and its services and to distinguish Regions and its services from other institutions and the services of others.

18.     Notwithstanding its knowledge of the REGIONS name and mark, and indeed by reason thereof, defendant decided to adopt REGIONS UNIVERSITY as its new name and mark in place of SOUTHERN CHRISTIAN UNIVERSITY.

19.     Sometime prior to August 18, 2006, defendant announced its adoption of the REGIONS UNIVERSITY name on the website of SOUTHERN CHRISTIAN UNIVERSITY, www.southernchristian.edu.

20.     On August 18, 2006, Regions, through its legal counsel, sent defendant a letter objecting to its announced intention to use REGIONS UNIVERSITY as its name and mark. Regions advised defendant of its rights to the famous REGIONS name and mark, its use of REGIONS, alone and with other elements, including its own use of the REGIONS UNIVERSITY name and mark, and that its rights would be infringed and otherwise violated if defendant used REGIONS UNIVERSITY for its name and services. A copy of this letter is

7

attached as Exhibit B. Defendant's counsel replied on August 31, 2006 requesting additional

information from Regions concerning Regions' REGIONS UNIVERSITY services and advising

Regions that defendant intended to respond to Regions' demands. A copy of this letter is

attached as Exhibit C.

21.    Subsequent to Regions' August 18, 2006 objection, defendant changed its

SOUTHERN CHRISTIAN UNIVERSITY website to REGIONS UNIVERSITY and since has

referred to itself and its services by the names REGIONS UNIVERSITY and REGIONS.

Further, defendant adopted and began to use, and continues to use, a stylization for the

REGIONS UNIVERSITY name that is a close approximation of the stylization used by Regions

for REGIONS when used alone and with other words such as REGIONS UNIVERSITY, as

appears below:

# REGIONS UNIVERSITY

In addition, defendant registered at least 10 domain names containing the mark REGIONS as the

distinctive and dominant element, including the domain name www.REGIONS.edu.

22.    Regions, through its legal counsel, advised defendant on September 14, 2006, that

if it persisted in its infringement of the REGIONS name and mark that Regions would seek

judicial intervention to protects its rights. A copy of this letter is attached as Exhibit D.

Defendant has continued to use REGIONS UNIVERSITY and REGIONS despite Regions'

objections and requests to desist, and suggests its intent to continue use of those REGIONS

marks in a letter dated September 25, 2006. A copy of this letter is attached as Exhibit E.

23.    Defendant adopted and uses Regions' name REGIONS as the distinctive element

of REGIONS UNIVERSITY and uses the name REGIONS alone for its services and business

with the deliberate and willful intention of misappropriating for itself the tremendous goodwill

8

and reputation represented and symbolized by the famous REGIONS name and mark, of

infringing and diluting the same, and of creating a false belief in the mind of the public that

defendant is somehow associated or connected with or sponsored by Regions.

24.     Said unauthorized and wrongful use by defendant of the REGIONS name and

mark for and in connection with the sale and promotion of defendant's services and business is

designed and calculated and is likely to cause confusion, to cause mistake, and to deceive, all to

the detriment of Regions and the public.

25.     The aforesaid acts of defendant constitute infringement of federally registered

trademarks in violation of Section 32 of the United States Trademark Act of 1946, 15 U.S.C. §

1114(1).

26.     Said acts of defendant have caused and will cause great and irreparable injury

and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will

continue to suffer great and irreparable injury.

27.     Plaintiffs have no adequate remedy at law.

COUNT II

FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTIONS OR

REPRESENTATIONS IN VIOLATION OF SECTION 43(a)

28.     Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in

paragraphs 1 through 24 above.

29.     Defendant's use of the REGIONS UNIVERSITY and REGIONS marks and

names in connection with the sale and promotion of its services constitutes the use in commerce

of words, terms, names and symbols and false designations of origin and false and misleading

descriptions and representations that are likely to cause confusion, to cause mistake, and to

9

deceive as to the affiliation, connection, or association of defendant with Regions and as to the origin, sponsorship and approval of defendant's services in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a).

30.    Said acts of defendant have caused and will cause great and irreparable injury and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will continue to suffer great and irreparable injury.

31.    Plaintiffs have no adequate remedy at law.

COUNT III

DILUTION OF FEDERALLY REGISTERED SERVICE MARKS

32.    Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

33.    Defendant's aforesaid acts have or are likely to cause dilution by blurring because they have or are likely to lessen the capacity of plaintiffs' famous REGIONS name and mark to identify and distinguish plaintiffs' services, to dilute the distinctiveness of Regions' REGIONS name and mark, and to blur the unique association that has existed between plaintiffs' REGIONS name and mark and its services in violation of Section 43(c) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(c).

34.    Said acts of defendant have caused and will cause great and irreparable injury and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will continue to suffer great and irreparable injury.

35.    Plaintiffs have no adequate remedy at law.

10

## COUNT IV

### TRADEMARK INFRINGEMENT IN VIOLATION OF ALABAMA STATE LAW

36.    Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

37.    Defendant's aforesaid acts constitute infringement of Regions' REGIONS mark, alone and with other elements, in violation of Ala. Code § 8-12-16 (Supp. 2002).

38.    Said acts of defendant have caused and will cause great and irreparable injury and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will continue to suffer great and irreparable injury.

39.    Plaintiffs have no adequate remedy at law.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40.    Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

41.    Defendant's aforesaid acts constitute infringement and misappropriation of Regions' REGIONS mark and name, and false advertising and unfair competition with Regions, all in violation of Regions' rights under the common law of the State of Alabama and other states of the United States.

42.    Said acts of defendant have caused and will cause great and irreparable injury and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will continue to suffer great and irreparable injury.

43.    Plaintiffs have no adequate remedy at law.

11

COUNT VI

INJURY TO BUSINESS REPUTATION AND DILUTION OF TRADEMARK

44.    Plaintiffs repeat and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 and 33 above.

45.    Defendant's aforesaid acts have or are likely to cause injury to the business reputation of Regions and to dilute the distinctive quality of Regions' REGIONS name and mark in violation of Ala. Code § 8-12-17 (Supp. 2002).

46.    Said acts of defendant have caused and will cause great and irreparable injury and, unless such acts are restrained by the Court, said acts will continue and plaintiffs will continue to suffer great and irreparable injury.

47.    Plaintiffs have no adequate remedy at law.

WHEREFORE, PLAINTIFFS PRAY:

1.    That defendant and its suppliers, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, be permanently enjoined and restrained:

       a.  from using for or in connection with the sale, offering for sale, advertising, and promotion of educational services, other services, goods, and businesses the REGIONS UNIVERSITY and REGIONS marks and names, and any other mark or name that incorporates plaintiffs' REGIONS mark and any other colorable imitation, counterfeit or simulation thereof;

       b.  from using any false designation of origin or false description or false representation in connection with the advertising, promotion or offering of any educational service or other service or business, and from doing any other

12

act or thing calculated or likely (i) to cause confusion, to cause mistake, or to deceive the public into the belief that defendant or defendant's services, are plaintiffs or their services, or come from or are affiliated with plaintiffs, or are sponsored or approved by plaintiffs, or come from the same source as plaintiffs or plaintiffs' services, (ii) to dilute the distinctive quality of the REGIONS mark or (iii) to injure the business reputation of Regions;

2.      That defendant, pursuant to 15 U.S.C. § 1118 or Ala. Code § 8-12-18, be directed to destroy, or deliver to an officer of the court to be destroyed, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationary, and any other items in its possession or control which bear or contain the name REGIONS, alone or with other elements, or any other reproduction, copy, counterfeit or colorable imitation of the REGIONS name and mark, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.      That defendant be mandatorily enjoined and directed to take all steps necessary to formally change any corporate and business name containing the name REGIONS and any domain name containing the name REGIONS within thirty (30) days after service of the injunction upon defendant, including the filing with the Secretary of State of the State of Alabama all documents necessary to effect the change of its name;

4.      That defendant be directed to file with this Court within thirty (30) days after issuance of any injunction issued by this Court in this action, a written report signed by an officer of defendant, under oath, setting forth the manner in which defendant complied with such injunction;

5.      That defendant be directed to pay to plaintiffs the costs of the suit and reasonable

attorneys' fees pursuant to 15 U.S.C. § 1117; and

6.      That this Court award plaintiffs such other and further relief as the Court deems

just and proper.


_____
One of the Attorneys for Plaintiffs, Regions Asset
Company, Regions Financial Corporation and
Regions Bank

OF COUNSEL:

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, AL 36104
Tel: (334) 269-3143

William G. Pecau, Esq. (DC Bar # 478341)
Rachel M. Marmer, Esq. (DC Bar # 489606)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of the Court and service will be

perfected electronically upon the following this the 10th day of May, 2007:

Victor T. Hudson
William W. Watts, III
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama  36601-0989

James E. Shlesinger
Shlesinger, Arkwright & Garvey LLP
1420 King Street
Suite 600
Alexandria, Virginia  22314

_____

Of Counsel