IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, et al., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs,　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　) Civil Action No. 2:06-cv-882-MHT<br>　　　　　　　　　　　　　　　　)<br>REGIONS UNIVERSITY, INC.　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　)<br>　　　　　　　　　　　　　　　　) | |

**OBJECTIONS TO RULE 30(b)(5)
REQUEST FOR PRODUCTION OF DOCUMENTS
REGARDING DEPOSITION OF REGIONS UNIVERSITY, INC.**

COMES NOW the defendant Regions University, Inc. and files the following objections to the Rule 30(b)(5) request for production of documents at the deposition of Regions University, Inc., scheduled for July 13, 2007.

1. Defendant objects to the documents requested in category number 1 on the grounds that said documents are protected from discovery under the attorney-client privilege and/or the work product privilege of Rule 26(b)(3). Notwithstanding said objection, and subject to the same objection, defendant shall produce, at an appropriate time, documents reflecting use by third parties, as a business name, trademark or service mark, the designation "Region" or "Regions," alone or with other elements.

2. Defendant objects to the documents requested in category number 2 on the grounds that said documents are protected from discovery under the attorney-client privilege and/or the work product privilege of Rule 26(b)(3). Notwithstanding said objection, and subject to the same objection, defendant shall produce, at an appropriate time, documents reflecting use by third parties, as a business name, trademark or service mark, the designation "Region" or "Regions," alone or with other elements.

5. Defendant objects to the documents requested in number 5 on the grounds that said request is overly broad and unduly burdensome. Notwithstanding said objection, and subject to the same objection, defendant shall produce such documents that are responsive to said request and that can be on a practicable and reasonable basis.

6. Defendant objects to the documents requested in number 6 on the grounds that said request is overly broad and unduly burdensome. Notwithstanding said objection, and subject to the same objection, defendant shall produce such documents that are responsive to said request and that can be on a practicable and reasonable basis.

7. Defendant objects to the documents requested in number 7 on the grounds that said request is overly broad and unduly burdensome. Notwithstanding said objection, and subject to the

same objection, defendant shall produce such documents that are responsive to said request and that can be on a practicable and reasonable basis.

8. Defendant objects to the documents requested in number 8 on the grounds that said request is overly broad and unduly burdensome. Notwithstanding said objection, and subject to the same objection, defendant shall produce such documents that are responsive to said request and that can be on a practicable and reasonable basis.

9. Defendant objects to the documents requested in number 9 on the grounds that said request is overly broad and unduly burdensome. Notwithstanding said objection, and subject to the same objection, defendant shall produce such documents that are responsive to said request and that can be on a practicable and reasonable basis.

Respectfully submitted,

/s/ VICTOR T. HUDSON\_\_\_\_
[HUDSV1684]
tom@alabamatrial.com
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
Phone:  251-432-7200
Fax:    251-432-0073

JAMES E. SHLESINGER
Shlesinger, Arkwright &
    Garvey LLP
1420 King Street, Suite 600
Alexandria, Virginia 22314
**ATTORNEYS FOR DEFENDANT**

CERTIFICATE OF SERVICE

    I hereby certify that on July 2, 2007, I forwarded by Facsimile Transfer to counsel of record and I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    William G. Pecau, Esq. [202-429-3902]
    Rachel M. Marmer, Esq.
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036

    Charles B. Paterson, Esq. [334-269-3115]
    Paul A. Clark, Esq.
    BALCH & BINGHAM, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, Alabama  36104

                                         /s/ VICTOR T. HUDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, )<br>REGIONS FINANCIAL CORPORATION, )<br>and REGIONS BANK )<br>  )<br>  Plaintiffs, )<br>  )<br>v. )<br>  )<br>REGIONS UNIVERSITY, INC. )<br>  )<br>  Defendant. ) | Civil Action No. 2:06-cv-882-MHT |

## NOTICE OF DEPOSITION

To:   Defendant and its Attorneys of Record

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Regions University, Inc., on Friday, July 13, 2007, at 9:00 AM at Balch & Bingham LLP, 105 Tallapoosa Street, Suite 200, Montgomery, AL 36104. Examination will be taken on the following topics:

1. The use of the name or mark REGIONS, alone or with other elements, by Plaintiffs and third parties, and Defendant's knowledge of such use.

2. Each of the entities identified in Defendant's Supplemental Response to Interrogatory No. 12, including, but not limited to Defendant's knowledge of the use of each entity's name, the date Defendant became aware of each entity's name, the manner in which Defendant became aware of such names, the actual use of the entity's name by the entity, the length of use of the entity's name, the advertising and promotion of the entity under its name and the amount of sales under the entity's name.

3. Any association or connection made between Defendant and Plaintiffs or any confusion, inquiry or statement concerning an affiliation, sponsorship or other

        relationship between Defendant and Plaintiffs arising from Defendant's use of the designations REGIONS UNIVERSITY and REGIONS.

4. Advertising and promotion of Defendant from January 1, 2004 to present.

5. Phone calls, emails or other communications received by a recruiter (advisor) or other representative of Defendant that referenced Regions Bank or Plaintiffs, and any inquiries or communications made by Defendant to a recruiter (advisor) or other representative of Defendant concerning phone calls, emails or other communications received or that may be received by a recruiter (advisor) or other representative of Defendant that references or referenced Regions Bank or Plaintiffs.

6. The degrees for the fields of study offered by Defendant and the number of diplomas for each filed of study awarded by Defendant for each semester since January 1, 2003.

7. The admissions policy and the admissions and admission denials by Defendant since January 1, 2004.

8. Faculty of Defendant since January 1, 2005, including, for each semester, the number of full time faculty members and part time faculty members, the location of the faculty members, and the number of hours taught by each faculty at Defendant.

NOTICE IS FURTHER GIVEN THAT the deposition will be transcribed by a certified court reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. All counsel are invited to attend and cross-examine.

NOTICE IS FURTHER GIVEN THAT pursuant to Rule 30(b)(5), the deponent is requested to produce at said examination all documents and tangible things in his possession or

under his custody or control relating to or concerning the matters specified in Schedule A, attached hereto.

Dated: June 15, 2007

*William M. Pecau/RM*
One of the Attorneys for Plaintiffs, Regions Asset Company, Regions Financial Corporation and Regions Bank

OF COUNSEL:

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, AL 36104
Tel: (334) 269-3143

William G. Pecau, Esq. (DC Bar # 478341)
Rachel M. Marmer, Esq. (DC Bar # 489606)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing NOTICE OF DEPOSITION on counsel for Defendant by overnight courier on this 15th day of June, 2007 properly addressed to them:

Victor T. Hudson
William W. Watts, III
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601-0989

James E. Shlesinger
Shlesinger, Arkwright & Garvey LLP
1420 King Street
Suite 600
Alexandria, Virginia 22314

*Rachel M. Marmer*

# SCHEDULE A

## 30(b)(5) Documents

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiffs" or "Regions" means Regions Asset Company, Regions Financial Corporation, Regions Bank, their predecessors, successors, and assigns, and any of their affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

2. "Defendant" means Regions University, Inc., its predecessors, successors, and assigns, and any of its affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

3. "Person" means, without limiting the generality of its meaning, any natural person, group of natural persons (such as a committee or board of directors), corporation, partnership, unincorporated association, joint venture and any other incorporated or unincorporated business, governmental, public or social entity.

4. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed as outside their scope.

5. "Concerning" means containing, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, or being in any way legally, logically or factually connected with or pertaining to, in whole or in part, the matter discussed.

6. Whenever appropriate in these Requests, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to be outside of their scope.

7. If any information requested by these Requests is claimed to be immune from discovery on the grounds of privilege or otherwise:

    a. identify the communication or document;

    b. identify the person or persons making the communication or authoring the document and all persons receiving the information;

    c. specify the type of privilege or other reason asserted for withholding the requested information;

    d. specify the basis for the assertion; and

    e. describe the withheld information to a degree sufficient to enable the court to decide if such claim has been properly invoked.

8. These Requests for Production of Documents and Things are to be regarded as continuing. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is required to supplement or modify any answer given as additional or different information becomes known to you.

## DOCUMENTS REQUESTED

1. All documents concerning use of the designation REGIONS, alone or with other elements, including REGIONS UNIVERSITY, by Regions or a third party as a business name, trademark or service mark, and the date and manner by which the Defendant became aware of such use.

2. All documents concerning each of the entities identified in Defendant's Supplemental Response to Interrogatory No. 12, including, but not limited to Defendant's knowledge of the use of each entity's name, the date Defendant became aware of each entity's name, the manner in which Defendant became aware of such names, the actual use of the entity's name by the entity, the length of use of the entity's name, the advertising and promotion of the entity under its name and the amount of sales under the entity's name.

3. Any association or connection made between Defendant and Plaintiffs or any confusion, inquiry or statement concerning an affiliation, sponsorship or other relationship between Defendant and Plaintiffs arising from Defendant's use of the designations REGIONS UNIVERSITY and REGIONS.

4. All documents concerning any phone call, email or other communication received by a recruiter (advisor) or other representative of Defendant that referenced Regions Bank or Plaintiffs, and any inquiries or communications made by Defendant to a recruiter (advisor) or other representative of Defendant concerning phone calls, emails or other communications received or that may be received by a recruiter (advisor) or other representative of Defendant that references or referenced Regions Bank or Plaintiffs.

5. All documents concerning a business, media, marketing or public relations plan, report, or presentation, or other such document prepared by or on behalf of Defendant since January 1, 2004

6. Documents which show or which may be used to determine the expenditures for each month or semester since January 1, 2004 to present, in total and by media used, by Defendant advertising or promoting itself or its services.

- 4 -

    7.    A specimen or representation of each advertisement, press release, or item of promotional material of Defendant referencing the designation SOUTHERN CHRISTIAN UNIVERSITY, including but not limited to television commercials, radio commercials, billboards, brochures, catalogs, internet advertisements and web pages, from January 1, 2004 to present.

    8.    Documents showing or from which may be determined the degrees for each field of study offered by Defendant since January 1, 2003 and, for each degree for each field of study offered by Defendant, the number of diplomas awarded by semester since January 1, 2003.

    9.    Documents showing or from which it may be determined the number of applicants denied admission to Defendant since January 1, 2004 and the reason(s) for the denial of admission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

```
_____
REGIONS ASSET COMPANY, et al.,)
                              )
        Plaintiffs,           )
                              )
                              ) Civil Action No. 2:06-cv-882-MHT
                              )
REGIONS UNIVERSITY, INC.      )
                              )
        Defendant.            )
_____ )
```

ORDER

It is ORDERED that the Objections to Rule 30(b)(5) Request for Production of Documents Regarding Deposition of Regions University, Inc. filed by Defendant is GRANTED.

DONE, this _____ day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE