IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:06-cv-882-MHT |
| ) | |
| REGIONS UNIVERSITY, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION
TO MOTION FOR PROTECTIVE ORDER**

Defendant requests that this Court accept this brief reply for purpose of clarification and to address new issues raised by the Plaintiffs in its Opposition to Defendant's Motion for Protective Order.

Trial counsel for the parties include Mr. Paterson and Mr. Pecau, for the Plaintiffs, and Messers Hudson, Watts, and Shlesinger, for the Defendant. Mr. Pecau and Mr. Shlesinger are trademark attorneys for the respective parties. Messers Paterson, Hudson, and Watts are local trial counsel for the

Civil Action No. 2:06-cv-882-MHT

respective parties, none of whom claim expertise in the trademark field.

Early in the litigation, the parties agreed to a limited waiver of the Attorney-Client Privilege so long as discovery would not affect the undersigned's ability to remain as counsel. Based on that Agreement, the case proceeded without seeking guidance from the Court and without considering alternate trademark counsel. Now, on the eve of the expiration of the discovery deadline, Plaintiffs seek to depose the undersigned and imply in their brief that the deposition could work a disqualification of Defendant's trademark counsel.

In any event, the waiver is only with respect to a communication by Mr. Shlesinger to Defendant, directed to a search and opinion for the mark, REGIONS UNIVERSITY, which Defendant relied upon in reaching its decision to change its name from Southern Christian University to Regions University. That decision has been made clear, in both the deposition of Dr. Turner, and the University's Board decision. Plaintiffs have deposed Dr. Turner as to the communications relating to the decision, and Plaintiffs could easily depose other members of Defendant's Board to confirm or corroborate Dr. Turner's testimony.

Civil Action No. 2:06-cv-882-MHT

Rather, Plaintiffs now seek a blanket type of waiver, as evidenced by the Notice of Deposition and the Request to Produce and Examine Documents and Tangible Things under Rule 30(b)(5) of Mr. Shlesinger for the following:

1. "All documents concerning any services or any advice given in connection with Defendant's name change,

2. all documents concerning any information provided in connection with Defendant's name change,

3. all documents concerning any trademark or name searches and their results in connection with Defendant's name change, including any searches or other inquiries concerning the terms "Regions", "Rex", "Turner", "Masters", "Graystone", "Royal", "Providence", or "Regal",

4. all documents concerning Regions Bank, the REGIONS mark or name, or Plaintiff's Regions University,

5. all opinions or advise concerning all of the above,

6. employment retention documents between Defendant and his Counsel, and,

7. documents concerning applications, registrations, uses, or possible uses for services, products, or businesses under REGIONS, REX, TURNER, MASTERS, GREYSTONE, ROYAL, PROVIDENCE, or, REGAL, alone or with other elements.

The only conclusions that can be reached are that Plaintiffs' effort is to create annoyance, embarrassment, oppression, and undue burden or expense for the Defendant, or

3

Civil Action No. 2:06-cv-882-MHT

that Plaintiffs' effort is one implied for the purpose of disqualifying Defendant's only trademark counsel.

Plaintiff's reliance on the Amsted case for the assertion that the Deposition of the advising counsel is a common practice in Intellectual Property cases, is wholly misplaced. Amsted was a patent case, cases which routinely give serious consideration to separate trials on willfulness whenever the particular attorney-client communications, reveal that the Defendant is indeed confronted with the dilemma at hand, commonly known as the "Quantum Dilemma". See Quantum v. "Tandem", 940 F. 2d 642, 643-44 (Fed. Cir. 1991), which suggests the advisability of separate trials for liability and for damages in patent cases. Such a scenario is not typical or practical for trademark infringement cases, and in this case, wherein a limited waiver has been made which reveals the legal advice given to Defendant resulting in a decision Defendant made consistent with advice that was given. Defendant has never restricted Plaintiffs' ability to depose any of the corporate officers present at the Board meeting involving the decision to change the Defendant's name.

Plaintiffs agreed to a limited waiver, as evidenced by the communications exchanged between Mr. Hudson and Mr. Pecau. This limited waiver does not entitle Plaintiffs to explore all communications of Mr. Shlesinger that might bear on the advice

4

Civil Action No. 2:06-cv-882-MHT

rendered, the terms of the representation between Mr. Shlesinger and Defendant, or the nature of any other communications involving marks which are not relevant to the issues at hand.

> "[T]here is no basis for permitting a 'broad inquiry into the thought processes of counsel or into the attorney-client relationship.' … [The accused infringer's state of mind], not that of counsel is the relevant issue. … ([T]he patentee] is not entitled to discovery on the mental impressions and thought processes that counsel developed while preparing the opinion letter for [the accused infringer]-- unless, of course, those impressions and opinions were communicated to [the accused infringer]."

<u>Solomon v. Kimberly-Clark Corp.</u>, 1999 U.S. Dist. 1594 (N.D. Ill. 1999).

Respectfully submitted,

[HUDSV1684]
tom@alabamatrial.com
WILLIAM W. WATTS, III
[WATTW5095]
bill@alabamatrial.com
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama  36601


/s/JAMES E. SHLESINGER
JAMES E. SHLESINGER
SHLE6729
Shlesinger, Arkwright &
   Garvey LLP
1420 King Street, Suite 600
Alexandria, Virginia 22314
Tel: (703) 684-5600
Fax: (703) 836-5288
E-Mail: jim@sagllp.com
ATTORNEYS FOR DEFENDANT

5

Civil Action No. 2:06-cv-882-MHT

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the DM/ECF system which will send notification of such filing to:

William G. Pecau, Esq.
Rachel M. Marmer, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Charles B. Paterson, Esq.
Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
2 Dexter Avenue
Montgomery, Alabama 36101

/s/ JAMES E. SHLESINGER