IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, REGIONS FINANCIAL CORPORATION and REGIONS BANK<br><br>　　　　Plaintiffs,<br><br>v.<br><br>REGIONS UNIVERSITY, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 2:06-cv-882-MHT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENT TO PLAINTIFF'S OPPOSITION
TO MOTION FOR A PROTECTIVE ORDER**

　　This Supplement to Plaintiff's opposition to defendant's motion for protective order addresses the new case *Static Control Components v. Lexmark International, Inc.,* 2007 WL926985 (E.D. Ky.) that defendant raised for the first time in the oral argument for its Motion for a Protective Order on July 19, 2007.

　　The issue before the court that was argued yesterday was whether an attorney who rendered advice relied upon by a party and waived its attorney-client privilege to that subject matter was immune from deposition by the other party because the attorney who rendered the advice also was trial counsel.

　　Regions pointed out that the case, *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) principally relied upon by defendant for its proposition was completely irrelevant to the issue because in *Shelton* there was no waiver of attorney-client privilege and no reliance on advise of counsel. Instead, the party seeking to depose trial counsel was seeking information within that trial counsel's role as trial counsel. Regions further noted that defendant

183081.1

offered no case or authority that prohibited a party from deposing an attorney whose advise was being relied upon by the other side merely because he or she also happened to be trial counsel. In fact, many cases explicitly state that such depositions can be taken as a matter of fairness and justice – even the sole case cited by the defendant that actually concerned the waiver of attorney-client privilege, *Eco Manufacturing, LLC v. Honeywell International, Inc.*, 2003 WL18889.88 (S.D. Ind. April 1, 2003) at *3.

In response, defendant produced at the hearing the *Static Control* case that it claimed supported its position that *Shelton* would bar the deposition of an attorney whose opinion was used by a party for an advise-of-counsel defense. *Static Control* is a red herring and like *Shelton* is completely irrelevant to the issue before this Court.

*Static Control* merely holds that the waiver of the attorney-client privilege by one party (Prendl) did not operate to allow the deposition of the trial counsel for another party (*Static Control*) "who was retained solely as trial counsel [for Static Control] and not to offer any opinions as to the validity or infringement of any patent." *Slip*. p.5.

In contrast, here, Regions is merely seeking the testimony of James Shlesinger who did provide the advice that defendant is relying upon as a defense and was the subject of a knowing waiver of the attorney-client privilege, and Regions is only seeking his testimony in his role as trademark attorney and not in his role as trial counsel. As the *Eco Manufacturing* case and many other cases hold this is perfectly appropriate and fair where there is a waiver and a reliance on an advice-of-counsel defense.

          Respectfully submitted,

          /s/ Charles B. Paterson
          One of the Attorneys for Plaintiff Regions Asset Company

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
pclark@balch.com

William G. Pecau
Rachel M. Marmer
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202)429-6244
Facsimile: (202)429-3902
wpecau@steptoe.com

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed United States Postal Service and/or by facsimile a copy of the foregoing document to any non-CM/ECF participants this the 20th day of July, 2007:

Victor T. Hudson
William W. Watts, III
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601-0989

James E. Shlesinger
Shlesinger, Arkwright & Garvey LLP
1420 King Street
Suite 600
Alexandria, Virginia 22314

/s/ Charles B. Paterson
Of Counsel

183081.1                                    - 4 -