# HUDSON & WATTS, L.L.P.
ATTORNEYS AT LAW
ONE ST. LOUIS CENTRE
SUITE 2500
MOBILE, ALABAMA 36602

VICTOR T. HUDSON
WILLIAM W. WATTS, III*

ALSO ADMITTED IN
* CALIFORNIA

July 24, 2007

MAIL TO:
   POST OFFICE BOX 989
   MOBILE, ALABAMA 36601-0989
TELEPHONE: (251) 432-7200
TELEFAX: (251) 432-0073
E-MAIL: info@alabamatrial.com
WEBSITE: www.alabamatrial.com

<u>*Via Facsimile*</u>
<u>334-954-3741</u>

Magistrate Judge Terry F. Moorer
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
United States Courthouse
15 Lee Street
Montgomery, Alabama 36104

      Re:   *Regions Asset Company vs. Regions University*
              Case No.: *2:06-CV-882-MHT*

Dear Judge Moorer:

     For the record, and in reply to plaintiffs' counsel's letter to you of July 23, we submitted our facsimile letter dated July 20, 2007 to Your Honor only after speaking with your office and being advised that that was an acceptable method to Your Honor. I believe Your Honor has probably heard and read more than enough to make a decision on this matter. I also believe Your Honor can certainly read the cases we submitted to you and decide for yourself whether our characterization or plaintiffs' description of their holdings is accurate. However, I do wish to briefly reply to plaintiffs' characterizations of those cases.

     We submit that, in <u>Ross v. City of Memphis</u>, 224 F.R.D. 411 (W.D. Tenn. 2004), the court did <u>not</u> rule (as plaintiffs suggest) that the attorneys could not be deposed "because" the attorney-client privilege had not been waived by their client, the City of Memphis. It held that the attorneys could not be deposed because the advice received by the defendant Crews, who stood "somewhat in the nature of a client with respect to the advice he received from the city's attorneys," could be discovered by taking <u>his</u> deposition. Thus, the attorneys were not necessary witnesses because the evidence to be offered by having them testify could be elicited through "other means." <u>Id</u>. at 415.

Magistrate Terry Moore
July 24, 2007
Page 2

_____

The court also explicitly recognized that the deposition of a party's attorney "is usually both burdensome and disruptive, particularly where, as here, one of the attorneys is acting as counsel in the litigation." Id. The Sixth Circuit did reverse the decision in Ross v. City of Memphis, 423 F.3d 596 (6th Cir. 2005) but on other grounds, i.e., that the defendant Crews could not be deposed on these communications because the privilege belonged to the city, not to him, and the city had not waived its privilege with respect to these communications.

We also believe the holding of the Argo Systems case needs to be clarified. Plaintiffs state that "because advice of counsel was not a defense and the inquiry the court permitted was therefore limited, the court determined that written questions would be an appropriate discovery tool." Lest there be any confusion, the court in Argo Systems did not conclude that written questions would be appropriate "because" advice of counsel was not a defense. The court's comments about the lack of an "advice of counsel" defense were simply used to justify the limits on the inquiry at any deposition of trial counsel, i.e., questions about attorney-client communications would not be permitted and any inquiry would be limited to the attorney's investigation of the facts and circumstances surrounding the insured loss of the vessel. The fact that the defendant had not pled a defense of "advice of counsel" had no direct bearing upon the court's determination that written questions would be an appropriate method of proceeding. Rather, that method was justified by the "limited inquiry that is being authorized and due to the negative impact that deposing party's trial counsel can have on the litigation process ... ." Id. at *4.

Although the deposition in the present case would entail inquiry about the advice given, due to a limited waiver of the privilege, that in itself is a "limited inquiry," probably even narrower than the inquiry permitted in Argo Systems.

Very truly yours,

*[signature]*

WILLIAM W. WATTS, III
For the Firm

WWW/mm

pc:   William G. Pecau, Esq.
      Charles B. Paterson, Esq.
      James E. Shlesinger, Esq.

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **CHICAGO, ILLINOIS**<br>FACSIMILE: 312.577.1370<br>VERIFICATION: 312.577.1300 | **1330 CONNECTICUT AVENUE, NW**<br>**WASHINGTON, D.C. 20036-1795**<br>FACSIMILE: 202.429.3902<br>VERIFICATION: 202-429-8045<br>MAIN NUMBER: 202.429.3000<br>www.steptoe.com | **PHOENIX, ARIZONA**<br>FACSIMILE: 602.257.5299<br>VERIFICATION: 602.257.5287 |
| **NEW YORK, NEW YORK**<br>FACSIMILE: 212.506.3950<br>VERIFICATION: 212.506.3900 | | **LOS ANGELES, CALIFORNIA**<br>FACSIMILE: 213.439.9599<br>VERIFICATION: 213.439.9400 |
| **LONDON, ENGLAND**<br>STEPTOE & JOHNSON<br>FACSIMILE: 011.44.207.367.8001<br>VERIFICATION: 011.44.207.367.8000 | **BRUSSELS, BELGIUM**<br>FACSIMILE: 011.322.626.0510<br>VERIFICATION: 011.322.626.0500 | **CENTURY CITY, CALIFORNIA**<br>FACSIMILE: 310.734.3300<br>VERIFICATION: 310.734.3200 |

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

## DELIVER TO:

| NAME: | Magistrate Judge Terry F. Moorer | TELECOPY PHONE NUMBER: | 334-954-3741 |
|---|---|---|---|
| | United States District Court for the Middle District of Alabama | VERIFICATION NUMBER: | |

| TOTAL PAGES & COVER SHEET: | 4 | DATE TRANSMITTED: | |
|---|---|---|---|
| S&J OPERATOR'S NAME: | | TELEPHONE NUMBER: | |
| CLIENT/CASE NUMBER: | 15548.0092 | | |

## FROM:

NAME: Rachel M. Marmer

| | | DATE: | | TIME: | |
|---|---|---|---|---|---|
| REQUEST MADE ON | | 7/23/07 | | 4:41 PM | |
| COMPLETION REQUIRED BY | | 7/23/07 | | ASAP | |

## SPECIAL INSTRUCTIONS:

Regions Asset Company, et al. v. Regions University
Case No.: 2:06-CV-882-MHT

Attached please find Plaintiffs' Response to Defendant's Letter Submission faxed to Judge Moorer on July 20, 2007.

# STEPTOE & JOHNSON LLP
## ATTORNEYS AT LAW

William G. Pecau
202.429.6244
wpecau@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

July 23, 2007

**Via FACSIMILE**
**334-954-3741**

Magistrate Judge Terry F. Moorer
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
United States Courthouse
15 Lee Street
Montgomery, Alabama 36104

RE:   Regions Asset Company v. Regions University, Inc.
      Case No. CV-06-882-MHT

Dear Judge Moorer:

Defendant submitted a letter dated July 20, 2007. Although the rules do not allow such letter submissions, we thought that it was incumbent to respond to this submission. We called your clerk with a request for guidance, but only reached your secretary who suggested that we respond in the same format.

In its Friday submission, defendant offers the case *Ross v. City of Memphis*, 224 F.R.D. 411 (W.D. Tenn. 2004), to support the novel proposition that an attorney whose opinion was used by a party for a defense of advice of counsel should be shielded from deposition discovery because the party decided to use the same attorney as one of its trial counsel. As with the other cases defendant has cited, *Ross* is simply inapposite to the situation before your Honor. Unlike here, in *Ross*, the City of Memphis, the client of the attorney whose deposition was sought, *had not waived its attorney client privilege* concerning the advice rendered by that attorney and therefore that attorney could not be deposed.[1] *Id.* at 415.

---

[1] The case has an unusual, and inapplicable, fact pattern. One of the defendants in the case was an employee of the City of Memphis who was relying on advice of counsel as a

(Continued...)

Magistrate Judge Terry F. Moorer  
July 23, 2007  
Page 2

STEPTOE & JOHNSON LLP

  Defendant also offers *Argo Systems FZE v. Liberty Insurance PTE, Ltd.*, No. Civ. A. 04-00321-CGB, 2005 WL 1355060 (S.D. Ala. June 7, 2005) to support its request that the deposition of defendant's trademark counsel be given by written questions under Rule 31. However, *Argo Systems*, like the other cases cited by defendant, simply is not pertinent to the situation before this Court. *Argo Systems* did not concern the effect of waiver of the attorney-client privilege on the deposition of an attorney whose advice is being relied upon by a party. In *Argo Systems*, the court limited the manner of discovery to written questions because it concerned the investigation of an insurance claim by an insurance company's attorney. *Id.* at *3-4. The court found that the investigation and the facts revealed by the investigation were not privileged subject matter. *Id.* at *3. The court specifically distinguished its case from the situation before this court where there is an intentional waiver of the attorney client privilege; it emphasized that "Plaintiff has not, however, presented any evidence that Defendants have offered the 'advice of counsel' defense." *Id.* Because advice of counsel was not a defense and the inquiry the court permitted was therefore limited, the court determined that written questions would be an appropriate discovery tool. *Id.* at *4.

  As the cases cited by Regions *and* Defendant establish, where a client intentionally waives its attorney-client privilege to rely on advice of counsel, such counsel is routinely deposed on the subject matter of such advice. For example, courts have permitted the deposition of attorneys rendering advice in the following cases: *aaiPharma, Inc. v. Kremerse Urban Development Co.*, 361 F. Supp. 2d 770 (N.D. Ill. 2005); *Eco Mfg. LLC v. Honeywell Int'l, Inc.*, No. 1:03-CV-0170-DFH, 2003 WL 1888988 (S.D. Ind. Apr. 13, 2003) (cited by Defendant in its Motion for Protective Order at p. 7); and *Amsted Indus. v. Nat'l Castings, Inc.*, 16 U.S.P.Q.2d (BNA) 1737 (N.D. Ill. 1990).

  Plaintiffs are not aware of any case and defendant, despite its multiple efforts, has not cited any case where a court has either prohibited the deposition of an attorney where the attorney-client privilege has been waived by the client who is represented by that attorney concerning the advice that is being relied upon by the client as a defense, or has limited such a deposition to written questions.

  A defendant simply cannot shield its attorney from deposition and other discovery that is routinely given in such cases by the expediency of hiring the attorney as trial counsel. As *Amsted* held:

---

defense. Because the attorneys that represented the City of Memphis did not represent the employee, the employee could not waive the City's attorney-client privilege. The court tried to resolve the quandary that this situation presented by allowing the employee to testify as to the advice that he was relying upon for his actions, but not allowing the deposition of the City's attorneys because the City's privilege was not waived. The decision was later reversed by the Sixth Circuit. *See Ross v. City of Memphis*, 423 F.3d 596 (6th Cir. 2005).

Magistrate Judge Terry F. Moorer  
July 23, 2007  
Page 3

STEPTOE & JOHNSON LLP

> Finally, the Court notes that Amsted cannot be barred from examining Benn simply because it could alternatively examine National representatives as to what information they provided to Benn. As the preparer of the opinion letters in question, Benn is in the best position to know what information he had before him when he formulated his opinion, what among that information would have been material to the conclusions which he reached. *The fact that National has selected Benn as one of its trial counsel is immaterial.* By invoking the good faith defense, National has placed in issue the circumstances of Benn's opinion letter and waived the attorney-client privilege which otherwise would have cloaked the communications between National and Benn.

*Amsted*, 16 U.S.P.Q.2d at 1743 (emphasis added). It is therefore both appropriate and fair, due to defendant's waiver and reliance on advice of counsel as a defense in this case, for Regions to depose Mr. Shlesinger.

Very truly yours,

William G. Pecau

cc: William W. Watts, Esq.  
    Victor T. Hudson, Esq.  
    James E. Shlesinger, Esq.  
    Charles B. Paterson, Esq.  
    Rachel M. Marmer, Esq.

HUDSON & WATTS, L.L.P.
ATTORNEYS AT LAW
ONE ST. LOUIS CENTRE
SUITE 2500
MOBILE, ALABAMA 36602

VICTOR T. HUDSON
WILLIAM W. WATTS, III*

ALSO ADMITTED IN
* CALIFORNIA

July 20, 2007

MAIL TO:
   POST OFFICE BOX 989
   MOBILE, ALABAMA 36601-0989
TELEPHONE: (251) 432-7200
TELEFAX: (251) 432-0073
E-MAIL: info@alabamatrial.com
WEBSITE: www.alabamatrial.com

<u>*Via Facsimile*
*334-954-3741*</u>

Magistrate Judge Terry F. Moorer
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
United States Courthouse
15 Lee Street
Montgomery, Alabama 36104

      Re:    *Regions Asset Company vs. Regions University*
               Case No.: 2:06-CV-882-MHT

Dear Judge Moorer:

     Please find attached a copy of a decision from the Southern District of Alabama, <u>Argo Systems FZE v. Liberty Insurance PTE, Ltd.</u>, 2005 WL 1355060 (S.D. Ala. June 7, 2005). In this case, Magistrate Bivins applied the <u>Shelton</u> factors to conclude that a plaintiff had established a genuine need for the deposition of defendant's counsel, who had acted as the insurance investigator with respect to the loss at issue, as the only person who could provide detailed information about the substance of the investigation. However, due to the limits of the inquiry, and the negative impact that deposing a party's trial counsel can have on the litigation process, Judge Bivins directed that the deposition be conducted on written questions in accordance with the procedures established by Rule 31, F.R.C.P. <u>Id.</u> at *4.

     If Your Honor should conclude that a deposition of Mr. Shlesinger should be ordered, we submit that questions under Rule 31 is an appropriate procedure under the circumstances.

Magistrate Terry Moore
July 20, 2007
Page 2

---

      I also enclose a copy of the decision of <u>Ross v. City of Memphis</u>, 224 F.R.D. 411 (W.D. Tenn. 2004), which is a case involving a defendant pleading a defense of good faith immunity based on advice of counsel, thereby waiving the attorney-client privilege with respect to those communications. Notwithstanding this waiver, the Court concluded that the plaintiff was not entitled to depose trial counsel who gave the advice because the defendant was available to be deposed on these matters. <u>Id</u>. at 415. This is just another example to refute the notion that, where advice of counsel is raised as a defense, thereby waiving any privilege with respect to those communications, the deposition of opposing trial counsel is automatically permitted.

                                              Very truly yours,

                                              WILLIAM W. WATTS, III
                                              For the Firm

WWW/mm
Enclosures

pc:   William G. Pecau, Esq.
       Charles B. Paterson, Esq.
       James E. Shlesinger, Esq.

Westlaw.

Not Reported in F.Supp.2d                                                                                         Page 1

Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

Argo Systems FZE v. Liberty Ins. PTE, Ltd.
S.D.Ala.,2005.
*Only the Westlaw citation is currently available.*
United States District Court,S.D. Alabama Southern
Division.
ARGO SYSTEMS FZE, Plaintiff,
v.
LIBERTY INSURANCE PTE. LTD., et al.,
Defendants.
No. Civ.A. 04-00321-CGB.

June 7, 2005.

David C. Hannan, Thomas S. Rue, Johnstone, Adams, Bailey, Gordon & Harris, Mobile, AL, Michael C. Bynane, Houston, TX, for Plaintiff.
David M. O'Brien, Fowler, Rodriguez & Chalos, Blane H. Crutchfield, Hand Arendall, L.L.C., Mobile, AL, for Defendants.

ORDER

BIVINS, Magistrate J.

*1 This action is before the Court on Plaintiff Argo Systems FZE's Motion to Compel Deposition (Doc. 56) and Defendants Liberty Insurance Pte. Ltd. and Marine Insurance Services Pte. Ltd.'s Motion for Leave to Name an Additional Expert (Doc. 64). With regards to Plaintiff's Motion to Compel, the Court notes, as a preliminary matter, that with the exception of Plaintiff's supporting brief (Doc. 61), Plaintiff's additional evidentiary support (Doc. 62), Defendants' response in opposition (Doc. 59), Defendants' corrected response in opposition (Doc. 60), and Defendants' additional memorandum in opposition (Doc. 67), the parties were not directed, nor did they request permission to file any additional briefs addressing Plaintiff's Motion to Compel. Accordingly, Documents Nos. 68, 82 and 83 are STRIKEN because they are unnecessary and were filed without leave of Court. Defendant's Motion to Strike (Doc. 88) is DENIED as Moot.

Plaintiff Argo Systems FZE filed this action on May 14, 2004 against Defendants Liberty Insurance Pte. Ltd., Marine Insurance Services Pte. Ltd., DeWitt Stern Group, Inc., and DeWitt Stern Imperatore, Ltd., following the denial of its insurance claim. Plaintiff, as owner of the vessel M/V COPA CASINO, secured a marine insurance policy from Defendants Liberty Insurance Pte. Ltd. (hereinafter " Liberty") and Marine Insurance Services Pte. Ltd. (hereinafter "MIS") to cover the voyage of the vessel from Mobile, Alabama to Alang, India. The vessel sank en route, and Plaintiff made a claim on the policy (Doc. 1). MIS and Liberty, which is located in Singapore, retained the law firm of Fowler, Rodriguez & Challis, LLP to investigate the loss and render advice regarding coverage. The investigation was lead by Mr. Jon W. Wise, a member of the law firm, and Defendants' trial counsel in this matter (Doc. 61, Ex. A, ps.238, 240, 250-251). Based on the results of the investigation that was conducted by Fowler, Rodriguez & Challis, LLP, Defendants decided to deny Plaintiff's claim.

Mr. Wise drafted, on behalf of Liberty and MIS, the letter of denial which was transmitted to Plaintiff (Doc. 61, Ex. B). In the letter, dated July 18, 2003, Mr. Wise states that the vessel and tow were in violation of certain express warranties in the policy, and that the insureds made several misrepresentations throughout their dealings with MIS. He further states that "the decision to deny coverage was based upon the investigation of the facts and circumstances surrounding the purchase/sale of the COPA CASINO between numerous entities, the preparation of the vessel for towage to India, and the subsequent towage of the vessel to the point at which it sank."

Plaintiff herein is seeking an Order compelling MIS and Liberty to provide the entire claim file relating to the denial of Plaintiff's insurance claim, and compelling Mr. Wise to submit to a deposition. The undersigned conducted a hearing on April 22, 2005

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

to afford the parties an opportunity to present their respective positions. At the hearing, and in the pleadings, counsel for Plaintiff asserted that Defendants' underwriter has testified under oath that the decision to decline payment of the subject insurance claim was based upon the investigation that was performed by and advice provided by Mr. Wise and his law firm. During his deposition, Defendant MIS's underwriter, Richard J. Yeo, testified that MIS requested the law firm to investigate and find out all the circumstances related to the loss, to "get to the bottom of this loss." (Doc. 61, Ex. A, p. 251). Mr. Yeo further testified that the attorneys spoke to the witnesses referenced in the denial letter and that the attorneys, as opposed to the underwriter, could verify the information provided by the witnesses and the particulars of the investigation. (Doc. 61, Ex. A, p. 238, 240).

*2 According to Plaintiff's counsel, Plaintiff is entitled to depose defense counsel because he essentially took on the role as insurance investigator with respect to the loss at issue, and as such, he is the only person who can provide detailed information about the substance of the investigation. Plaintiff further asserts that where bad faith refusal to pay is alleged, and the insurance company bases its denial upon an investigation performed by and advice provided by an attorney, the attorney-client privilege and the work product doctrine do not attach to the investigation or advice.

Defendants assert that Plaintiff has not alleged facts sufficient to establish a prima facie bad faith claim; thus, the attorney/client privilege and attorney work product doctrine are not implicated. Defendants further assert that they have not invoked "advice of counsel" as a defense to Plaintiff's bad faith claim; thus, they have not waived the protections of the attorney/client privilege and attorney work product doctrine. Defendants also note that Plaintiff has been informed of the witnesses who were interviewed as part of the investigation, and has had an opportunity to speak to those individuals.

Based upon the information provided at the hearing, and in the parties' respective briefs and supporting materials, the undersigned finds that Plaintiff's Motion to Compel is due to be GRANTED in part, and DENIED in part. The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by oral depositions, "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "relevant information need not be admissible." Fed.R.Civ.P. 26(b)(1). However, a district court may limit:

The frequency or extent of the use of discovery methods otherwise permitted under [the federal] rules ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2).

While the federal rules do not prohibit the deposition of opposing counsel, as a general rule, such depositions are disfavored. In *Shelton v. American Motor Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986), the Eighth Circuit noted that "taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation, ... distracts from the quality of client representation ... [and has a] chilling effect ... on the truthful communications from the client to the attorney...." Accordingly, the Eighth Circuit held that parties seeking to depose " opposing counsel" must show that: (1) no other means exist to obtain the information sought through the deposition than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case. *Id.* at 1327.

*3 Describing the *Shelton* rule as rigid, the Second Circuit, in *Official Comm. Of Unsecured Creditors of Hechinger Inc. Co. of Del., Inc. v. Friedman*, 350

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

F.3d 65 (2nd Cir.2003), directed that:
The standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into account consideration of all the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted ... Under this approach, the fact the proposed depondent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

*Friedman,* 350 F.3d at 72.



The undersigned concludes, based on the facts in the instant case, that regardless of whether the *Shelton* test or the flexible approach detailed in *Friedman* is utilized, Plaintiff has established a genuine need for the deposition of Defendant's counsel, Jon Wise, on the subject of the investigation of Plaintiff's underlying loss. In the insurance context, "no privilege attaches when an attorney performs investigative work in the capacity of an insurance claims adjuster, rather than as a lawyer, [but] simply because [the attorney's] *assigned duties were investigative in nature*" does not preclude an assertion of the attorney-client privilege. Therefore, "the relevant question is not whether [the attorney] was retained to conduct an investigation, but rather, whether this investigation was related to the rendition of legal services. If it was ... the privilege is not waived. *Cutrale Citrus Juices USA, Inc., v. Zurich American Ins. Grp.,* 2004 U.S. Dist. LEXIS 22487 (M.D.Fla.2004); *See also, Jones v. Scientific Colors, Inc.,* 2001 U.S. Dist. LEXIS 10753, *3 (N.D.Ill.2001) (where attorney was actively involved in investigation, and appeared uniquely qualified to explain the scope of the investigation and its findings, court held that the *plaintiff was entitled to depose attorney regarding the nature and scope of investigation*).

In the case sub judice, it is clear that Mr. Wise and his law firm initially performed services in the nature of a claims adjuster/claims investigator. The evidence presented established that because of the insurance company's physical location, the company retained Mr. Wise and his firm, who were located in closer proximity to the site of the loss, to investigate and gather information about the underlying loss so as to enable MIS to make a coverage determination. Such an investigation, which is routinely performed by the insurance company itself, was not transformed into an investigation cloaked with privilege merely because it was performed by Mr. Wise and his firm. While Defendant asserts that Plaintiff has been informed of the witnesses who were interviewed in connection with the investigation, such information tells Plaintiff little regarding the manner in which the investigation was conducted, the documents reviewed in connection with the investigation, or the existence of any perspective witnesses who Defendants may have elected not to interview as part of the investigation. Accordingly, Plaintiff is entitled to depose Mr. Wise on the limited subject of his firm's " investigation of the facts and circumstances surrounding the purchase/sale of the COPA CASINO between numerous entities, the preparation of the vessel for towage, and the subsequent towage of the vessel to the point at which it sank." Plaintiff has not, however, presented any evidence that Defendants have offered the " advice of counsel" defense. Thus, while Plaintiff is entitled to learn the facts surrounding the underlying investigation, Plaintiff may not question Mr. Wise regarding any advice that he and other members of his firm provided to Defendants.

*4 Because of the limited inquiry that is being authorized, and due to the negative impact that deposing a party's trial counsel can have on the litigation process, the undersigned DIRECTS that the deposition of Mr. Wise is to be conducted on written questions in accordance with the procedures established by Rule 31 of the Federal Rules of Civil Procedure. *See Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1423 (11th Cir.1994) (*district court did not abuse its discretion in ruling that plaintiffs may depose the defendants' attorney only by written questions*). Plaintiff's written

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 4

Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

deposition questions are to be served no later than June 13, 2005. Defendants are to serve any cross questions by June 17, 2005, and Plaintiff is to serve any redirect questions by June 22, 2005. The deposition is to be conducted no later than June 30, 2005.

As noted supra, Plaintiff has also requested the MIS and Liberty's claim file generated in connection with the investigation and denial of Plaintiff's claim. Defendants assert that all non-privileged documents have already been provided to Plaintiff; however, no privilege log has been submitted. Accordingly, Defendants are hereby DIRECTED to submit, by June 13, 2005, a privilege log setting forth a description of every document withheld, the creation date of each document, and the name and title of the author and all recipients of each such document. Additionally, Defendants are DIRECTED to submit, by June 13, 2005, a copy of the documents to the undersigned for an in camera inspection.

Turning now to Defendants MIS and Liberty's Motion for Leave to Name an Additional Expert (Doc. 64), the undersigned, based on a review of the motion, Plaintiff's opposition (Doc. 70), and the case file, DENIES Defendants' motion. According to Defendants, Mr. Sargent will offer opinions about the condition of the COPA CASINO. The record reflects that the subject vessel sank on March 16, 2003, and that following receipt of Plaintiff's claim, Defendants ordered an investigation into the loss. A denial letter dated July 18, 2003 asserted that the vessel was operated in violation of the warranties outlined in the policy, and that it was unseaworthy. Accordingly, it appears clear that as early as July 2003, the parties were on notice that the condition of the vessel was in issue.

In the original Scheduling Order entered on August 6, 2004 (Doc. 26), Plaintiff was given five (5) months in which to name its experts, and Defendants were afforded six (6) months, or until February 4, 2005, to make their expert disclosures. In a motion seeking modification of the Order (Doc. 43), Defendants listed a litany of reasons supporting their request for additional time for discovery, but never once indicated the need for more time in which to name experts. Moreover, the undersigned conducted a discovery conference with counsel for the parties on February 28, 2005, and Defendants did not bring to the Court's attention any need for additional time for expert disclosures. Accordingly, although the Scheduling Order was amended at Defendants' request (Doc. 47), the expert disclosure deadlines were not modified because such was not requested. In light of the fact that the condition of the vessel has long been contested between the parties, the fact that Defendants initially began investigating the sinking of the vessel and its condition in 2003, and the fact that Defendants did not raise with the Court any concern about the expert disclosures deadlines during the February discovery conference, the undersigned concludes that Defendants have failed to demonstrate good cause for their untimely disclosure.

*5 Courts have both the authority and responsibility for ensuring that cases proceed in a timely manner. *Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir.2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have *discretion and authority to ensure that their cases* move to a reasonably timely and orderly conclusion"); *Perez v. Miami-Dade County,* 297 F.3d 1255, 1263 (11th Cir.2002) ("Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources' and a loss of society's 'confidence in the courts' ability to administer justice.' "), quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir.1998). See also Advisory Committee Notes, Fed.R.Civ.P. 16 ("Rule 16(b) assures that the judge will take some early control over the litigation ...").

The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district court...." Moreover, the Eleventh Circuit, in affirming the denial of an untimely motion to amend a complaint noted that " this good cause standard precludes modification [of the scheduling order] unless the schedule cannot "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 5
Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

be met despite the diligence of the party seeking the extension". *Sosa v. Airpring Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998).

Relying on the *Sosa* decision, the court in *White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668 (M.D.Ala.2002), held that because the plaintiff failed to show that she could not have located, disclosed and furnished a report from an economic expert by exercising due diligence during the period of over six months between entry of the scheduling order and expiration of the deadline, there was no basis for permitting the plaintiff to name an expert outside of the deadline. *Id.* at 670. In reaching its decision, the court noted that "If this court were to allow such late disclosure under the facts in this case, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases. Allowance of use of this expert report would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless." *Id.* In this case, Defendants have not established good cause for their untimely disclosure. Not only have they been on notice since 2003 that the condition of the vessel was contested, but it appears that they have had in their possession, for some time, much of the information upon which Mr. Sargent's report is based. With respect to any new information relied upon by Mr. Sargent, Defendants have not established that they acted diligently to obtain such information through discovery. Instead, the record reflects that early on, Defendants unilaterally elected *not to pursue discovery because their motion to dismiss was pending.* Additionally, while Defendants assert that Plaintiff would not be prejudiced by their untimely disclosure of Mr. Sargent, Plaintiff would in fact be prejudiced if it not only has to depose Defendants' new expert, but is also forced to explore the possibility of locating *and retaining a rebuttal expert at this late juncture.*

*6 Based upon a careful review of Defendants' Motion, Plaintiff's opposition, and the case file, the undersigned finds that Defendants have not demonstrated good cause so as to justify their untimely disclosure of Mr. Sargent as an expert in this case. Accordingly, *Defendants' Motion is* DENIED.

S.D.Ala.,2005.
Argo Systems FZE v. Liberty Ins. PTE, Ltd.
Not Reported in F.Supp.2d, 2005 WL 1355060 (S.D.Ala.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

224 F.R.D. 411                                                                                          Page 1

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

Ross v. City of Memphis
W.D.Tenn.,2004.

United States District Court,W.D.
Tennessee,Western Division.
Herlancer S. ROSS, Plaintiff,
v.
CITY OF MEMPHIS, et al., Defendants.
No. 02-2454 M1/A.

Feb. 18, 2004.

**Background:** Suit was brought under § 1983 against city and city's former director of police. Plaintiff moved for relief from order holding that she could not depose city's attorneys. City filed objections to order on plaintiff's motion to compel.

**Holdings:** The District Court, McCalla, J., held that:

(1) plaintiff was entitled to obtain discovery from former director on issue of advice he received from city's attorneys regarding whether and how to proceed with disciplinary action against plaintiff, and

(2) plaintiff would not be permitted to depose attorneys for city who provided advice to director.

Plaintiff's motion denied; defendant's objections denied.
West Headnotes
[1] Witnesses 410 ⇐199(2)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k199 Relation of Attorney and Client
                    410k199(2) k. *Parties and Interests Represented by Attorney.* Most Cited Cases
The attorney-client privilege extends to protect communications between the attorney and the employees of a corporation.

[2] Witnesses 410 ⇐219(3)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k219 Waiver of Privilege
                410k219(3) k. *Communications to or Advice by Attorney or Counsel.* Most Cited Cases
A client may impliedly waive the attorney-client privilege by asserting the defense of advice of counsel in litigation.

[3] Witnesses 410 ⇐219(3)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k219 Waiver of Privilege
                410k219(3) k. *Communications to or Advice by Attorney or Counsel.* Most Cited Cases
Where § 1983 suit was brought against city's former director of police in his individual capacity for actions taken in reliance on the advice of city's counsel, city's attorney-client privilege had to give way to defendant's right to mount a qualified immunity defense based on advice of counsel, and city could not prevent defendant from waiving the attorney-client privilege with respect to the communications between city's attorneys and defendant. 42 U.S.C.A. § 1983.

[4] Witnesses 410 ⇐219(3)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

224 F.R.D. 411

Page 2

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k219 Waiver of Privilege
                410k219(3) k. Communications to or Advice by Attorney or Counsel. Most Cited Cases
Plaintiff who brought § 1983 suit against city's former director of police was entitled to obtain discovery from defendant on issue of advice he received from city's attorneys regarding whether and how to proceed with disciplinary action against plaintiff, where defendant raised defense of qualified immunity based on the advice of counsel, which impliedly waived attorney-client privilege with respect to the advice he received. 42 U.S.C.A. § 1983.

[5] Federal Civil Procedure 170A ⇐1323.1

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)1 In General
                170Ak1323 Persons Whose Depositions May Be Taken
                    170Ak1323.1 k. In General. Most Cited Cases
Deposition of opposing counsel is generally limited to situations where the party seeking the deposition can show that: (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

[6] Federal Civil Procedure 170A ⇐1323.1

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)1 In General
                170Ak1323 Persons Whose Depositions May Be Taken
                    170Ak1323.1 k. In General. Most Cited Cases
Plaintiff who brought § 1983 suit against city and its former director of police would not be permitted to depose attorneys for city, where information sought was available from other sources known to plaintiff and her counsel. 42 U.S.C.A. § 1983.

[7] Federal Civil Procedure 170A ⇐1323.1

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)1 In General
                170Ak1323 Persons Whose Depositions May Be Taken
                    170Ak1323.1 k. In General. Most Cited Cases
Plaintiff who brought § 1983 suit against city and its former director of police would not be permitted to depose attorneys for city who provided advice to director regarding whether and how to proceed with disciplinary action against plaintiff, and which provided basis of director's qualified immunity defense, where discovery sought from attorneys was available from director, due to ruling that he waived attorney-client privilege by asserting advice of counsel as defense. 42 U.S.C.A. § 1983.

David M. Sullivan, Law Offices of David M. Sullivan, Memphis, TN, for Plaintiff.
Delaine R. Smith, Mary Helen Beard, Louis P. Britt, III, Ford & Harrison, LLP, *412 Earle J. Schwarz, Glankler Brown, PLLC, Thomas E. Hansom, Debra L. Fessenden, Hansom Law Office, Memphis, TN, for Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RELIEF FROM ORDER ENTERED SEPTEMBER 23, 2003 AND ORDER DENYING THE CITY OF MEMPHIS' OBJECTIONS TO JUDGE ALLEN'S ORDER ON PLAINTIFF'S THIRD MOTION TO COMPEL**

McCALLA, District Judge.
Before the Court is the parties' dispute as to whether Plaintiff should be permitted to obtain discovery regarding the advice Defendant Crews received from the City of Memphis' attorneys. In this case, Defendant Crews asserts that he sought advice from the City's attorneys regarding whether and how to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

224 F.R.D. 411    Page 3

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

proceed with a hearing and disciplinary action against Plaintiff. Plaintiff seeks discovery on this issue from Defendant Crews and also seeks to depose Louis Britt, Robert Spence, Gerald Thornton, and Steve Townsdin, each of whom is an attorney that has represented the City of Memphis, though not all of these attorneys represent the City in the present case. Plaintiff seeks to discover information from these individuals in order to rebut Defendant Crews' defense of qualified immunity based on the advice of counsel.

With respect to the discovery sought from Defendant Crews, the Plaintiff filed a motion to compel on September 29, 2003, to which Defendant Crews responded on October 15, 2003. Defendant Crews' response deferred to the City of Memphis' claim of privilege with respect to the attorney-client communications. Judge Allen ordered Defendant Crews "to respond to questions regarding legal advice given him (by 'in house' and outside counsel) as to whether (and how) to proceed with the hearing and disciplinary action against plaintiff."
See October 30, 2003 Order on Plaintiff's Third Motion to Compel (as to Defendant Crews) at 6-7.
In issuing the Order, Judge Allen denied the City's claim of privilege with respect to the advice of counsel Defendant Crews received from the City's attorneys. The City has objected to the Order and the matter is now before this Court.

As to the attorney depositions, the parties initially briefed this matter in August and September of 2003. The matter was referred to Magistrate Judge Allen who denied the City's motion to quash the subpoenas issued to the City's attorneys. Judge Allen's September 8, 2003 Order would have permitted the depositions to proceed on the grounds that Plaintiff sought to depose the attorneys regarding the promotional process litigated in a prior action and there was no justification for preventing the discovery.

On September 18, 2003, the City objected to Judge Allen's Order. Prior to receiving Plaintiff's response, Judge Donald reversed Judge Allen's ruling on September 22, 2003. She held that Plaintiff could not depose the City's attorneys because she had failed to show that no other means existed to obtain the information other than to depose counsel. Not having had an opportunity to respond to the City's objections, Plaintiff filed the present motion for relief from Judge Donald's September 22, 2003 Order. Defendant has had an opportunity to respond to that motion and the matter is now before this Court.

### I. Discovery from Defendant Crews

[1] The City maintains that Defendant Crews' discussions with the City's attorneys are protected from discovery by the attorney-client privilege. The attorney-client privilege extends to protect communications between the attorney and the employees of a corporation. *Upjohn Co. v. United States,* 449 U.S. 383, 397, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The Sixth Circuit has assumed without deciding the issue that a municipal corporation, such as the City of Memphis, may invoke the attorney-client privilege. *Reed v. Baxter,* 134 F.3d 351, 356 (6th Cir.1998); *United States v. Doe (In re Grand Jury Subpoena),* 886 F.2d 135, 138 (6th Cir.1989). Therefore, the legal advice Defendant Crews sought from the City's attorneys in his capacity as the Director of Police is subject *413 to the attorney-client privilege. [FN1] The City of Memphis, as the client, would typically hold the privilege with respect to these communications. *United States v. Int'l Bhd. of Teamsters,* 119 F.3d 210, 215 (2d Cir.1997).

> FN1. The Court is mindful of the Sixth Circuit's caution that the attorney-client privilege should be examined carefully with respect to a municipal corporation because "a governmental privilege stands squarely in conflict with the strong public interest in open and honest government." *Reed,* 134 F.3d at 356.

The City reiterates that it does not waive its privilege regarding the communications between Defendant Crews and the City's attorneys. The City's attorney objected to discovery and deposition testimony from Defendant Crews that would disclose privileged information. As a *former*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

224 F.R.D. 411

Page 4

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

employee, Defendant Crews could not waive the privilege on behalf of the City. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 349, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) (finding that only current management can assert the corporation's attorney client privilege). Defendant Crews continues to defer to the City's objections regarding the application of the attorney-client privilege to these communications.

[2] However, "the attorney-client privilege cannot at once be used as a shield and a sword... Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991). A client may impliedly waive the attorney client privilege by asserting the defense of advice of counsel in litigation. *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 486 (3d Cir.1995).

The interesting twist in this case is that the client at the time the advice was given was the City of Memphis, which claims it does not assert advice of counsel as a defense and has not waived the attorney-client privilege. Defendant Crews, on the other hand, is sued in his individual capacity, to which he asserts advice of counsel as a defense based on the advice he received from the attorneys for the City of Memphis while acting in his official capacity. The case law on this peculiar issue is sparse but the Court has located several relevant opinions.

One court has held in a 42 U.S.C. § 1983 case alleging that individual state actors violated the plaintiff's civil rights that "due to the nature of the case, which proceeds on the theory that defendants acted in their individual capacities in allegedly violating plaintiff's constitutional rights, defendants are stripped of their immunity as state officers and will be treated as individuals for purposes of evaluating the breadth of the attorney-client privilege." *Hearn v. Rhay,* 68 F.R.D. 574, 579-80 (E.D.Wash.1975). The court in *Hearn* went on to find "a new and narrowly limited exception to the attorney client privilege, which applies to civil rights suits against state officials under 42 U.S.C. § 1983, wherein the defendant asserts the affirmative defense of good faith immunity." *Id.* at 580. Ultimately the court found that the individual defendants impliedly waived the attorney-client privilege by putting the advice of counsel at issue, which necessitated disclosure of legal advice and confidential communications. *Id.* at 582-83.

Similarly, in *Mitzner v. Sobol,* 136 F.R.D. 359, 361-362 (S.D.N.Y.1991), the court found that the defendants (a school district and several individual defendants) in a civil rights whistleblower litigation could not claim attorney-client privilege regarding their communications with the State Education Department's counsel. The court found a "fundamental unfairness and double standard" where the State Education Department and its employees sought to prevent a single employee, the plaintiff, from discovering information "gathered as part of an internal investigation ... ultimately used for a purpose adverse to that [employee]." *Id.* at 361. The court also noted that the defendants had waived the privilege by asserting the defense of qualified immunity. *Id.* at 362.

The same rationales of dual clients and unfairness have been discussed in the corporate context. *In re Nat'l Smelting of New Jersey, Inc. Bondholders Litig.,* 1989 U.S. Dist. Lexis 16962, *35-*40 (D.N.J. June 29, 1989). Much like the case before this court, *414 the plaintiff in *National Smelting* sought privileged information regarding legal advice the company's counsel gave to one of the company's directors, who relied upon that advice in his capacity as an officer and director in connection with a bond transaction. *Id.* at *38. The director was a defendant in a subsequent litigation regarding the bond transaction in which he asserted advice of counsel as a defense.[FN2] *Id.* The court found that, fundamentally, the director defendant "was a person in the position of a client of [the attorneys].... In effect, [the attorneys] had multiple clients-the corporate client ... and the corporate director/officers such as [the defendant]-who would be making the decisions." *Id.* at *38-*39. The court went on to state that "critical elements of the attorney-client relationship have been shown to exist between [the defendant], as an officer and director of [the company], and [the attorneys]." *Id.* at *39. The court also turned to the concept of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

224 F.R.D. 411                                                                                                 Page 5

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

fairness, both to the director who wished to disclose the communications in his own defense, and to the plaintiff who sought to penetrate the defense. Ultimately, the court held that "the refusal of [the company's] board to waive the corporation's attorney client privilege is overcome by the demands for fairness to these litigants" and found that the company and its attorneys were estopped from claiming the attorney-client privilege. *Id.* at *39-*40.

> FN2. The corporation, having filed for bankruptcy, was not a defendant in the litigation. However, the corporation's former attorneys, as third-party defendants, asserted attorney-client privilege with respect to discovery concerning legal advice given to the director because the corporation refused to waive the privilege.

[3] The same dual reasoning used in all three of these cases applies either directly or by analogy to the present case of a plaintiff suing a municipality and its executives in their individual capacities. Defendant Crews stands somewhat in the nature of a client with respect to the advice he received from the City's attorneys because he is now subject to suit in his individual capacity based on actions he asserts he took in reliance upon the advice he received. The Court is well aware that an officer who seeks advice from corporate counsel in his or her individual capacity must generally "make it clear to corporate counsel that he seeks legal advice on personal matters" in order for a personal privilege, rather than the corporation's privilege, to attach to the communications. *Int'l Bhd. of Teamsters,* 119 F.3d at 215. However, in this peculiar case where Defendant Crews is sued in his individual capacity for actions taken in reliance on the advice of the City's counsel, equitable notions of fairness dictate that he be entitled to the right to disclose this information. The City's privilege must give way to Defendant Crews' right to mount a defense in the case against him individually. As such, the City of Memphis can not prevent him from waiving the attorney-client privilege with respect to these communications.

[4] Moreover, Defendant Crews has raised the defense of qualified immunity based on the advice of counsel, which impliedly waives the attorney-client privilege with respect to the advice he received. Plaintiff is entitled to this information in order to rebut the qualified immunity defense. Despite the existence of a valid attorney-client privilege, the advice of counsel defense makes it necessary and appropriate for Plaintiff to obtain discovery from Defendant Crews on the issue of the advice he received from the City's attorneys. Therefore, the Court DENIES Defendant City of Memphis' objections to Judge Allen's Order on Plaintiff's Third Motion to Compel. The parties are ORDERED to complete all discovery with respect to Defendant Crews within thirty (30) days. If Defendant Crews refuses to offer discovery as to the advice he received from the City's attorneys, he will be estopped from asserting the affirmative defense of good faith based on the advice of counsel in this litigation.

**II. Depositions of the City of Memphis' Attorneys**

The City also asserts the attorney-client privilege and attorney work product in its papers seeking to prevent the depositions of its attorneys.

[5] The Federal Rules of Civil Procedure do not prohibit a party from deposing opposing*415 counsel. *See* Fed.R.Civ.P. 30(a)(1) ("A party may take the testimony of *any person* ..."). However, Courts generally limit the deposition of opposing counsel to situations where the party seeking the deposition can show that "(1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 628 (6th Cir.2002) (quoting *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). Judge Donald concluded in her September 22, 2003 Order that the information sought to be obtained from the City's attorneys is readily available from other sources.

[6] It is evident from Plaintiff's initial brief on this issue that the information sought from Mr. Thornton

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

224 F.R.D. 411

224 F.R.D. 411
(Cite as: 224 F.R.D. 411)

Page 6

and Mr. Townsdin is readily available from other sources known to Plaintiff and her counsel. As such, Plaintiff will not be permitted to depose these individuals. The Court DENIES Plaintiff's motion for relief from Judge Donald's Order as to Mr. Thornton and Mr. Townsdin.

[7] With respect to Louis Britt and Robert Spence, Defendant Crews asserts a defense of qualified immunity based in part on advice he received from these particular attorneys. In order to refute the defense of good faith based on the advice of counsel, a plaintiff is generally permitted to depose the attorneys who provided the advice that becomes the basis for the defense. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 n. 2 (M.D.N.C.1987). However, as a result of the Court's ruling regarding discovery from Defendant Crews, *supra*, the discovery sought from Mr. Britt and Mr. Spence is now available from Defendant Crews. "If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D.Ind.1998). Moreover, the deposition of a party's attorney is usually both burdensome and disruptive, particularly where, as here, one of the attorneys is acting as counsel in the litigation.

For the time being, the Court DENIES the motion for relief from Judge Donald's Order as to Mr. Britt and Mr. Spence without prejudice.[FN3] The parties should complete discovery with respect to Defendant Crews and then evaluate the need for depositions from opposing counsel. The Court will consider a renewed request at that time if Plaintiff believes a need still exists to depose counsel. The Court encourages the parties to attempt to resolve the issue themselves before motioning the Court for such discovery.

    FN3. Plaintiff also argued in her papers that the City itself asserts the defense of " good faith based upon a reasonable investigation", (City's Answer, Defense ¶ 4), which should permit her to depose counsel. The City claims that it does not assert reliance upon advice of counsel as a defense in this action. It is not clear to the Court at this time whether the "reasonable investigation" undertaken by the City includes advice received from counsel. Therefore, this can not presently serve as a basis to compel the City's attorneys to testify. If it should become clear that advice of counsel constitutes part of the City's reasonable investigation defense, the Court will compel the City's attorneys to provide discovery on this point and submit to depositions or preclude the assertion of this defense.

W.D.Tenn.,2004.
Ross v. City of Memphis
224 F.R.D. 411

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.