IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGIONS ASSET COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:06-cv-882-MHT-TFM |
| | ) | |
| REGIONS UNIVERSITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Defendant's *Motion for Protective Order* (Doc. 36, filed June 25, 2007), *Plaintiffs' Opposition to Motion for Protective Order* (Doc. 42, filed July 3, 2007) and *Defendant's Reply to Plaintiff's Opposition to Motion for Protective Order* (Doc. 44, filed July 5, 2007). The Court held a hearing on July 19, 2007 and the parties supplemented their briefs and oral arguments with *Supplement to Plaintiff's Opposition to Motion for a Protective Order* (Doc. 55, filed July 20, 2007) and letter briefs.[1]

Prior to this lawsuit, Defendant obtained an opinion from James Shlesinger ("Trademark Counsel"), on the issue of the registerability of the trademark at issue for educational purposes. During the discovery process, a copy of the opinion was produced to Plaintiffs. Defendant alleges an agreement between the parties now prohibits the

---

[1] Defendant filed its letter brief via fax and postal mail on July 20, 2007. Plaintiffs filed their letter brief by fax on July 23, 2007. Defendant filed a reply brief on via fax and postal mail on July 24, 2007. All the letter briefs have been docketed as Document 57.

deposition of Trademark Counsel, whereas Plaintiffs state the agreement does not prohibit the deposition. Defendant initially sent a letter to Plaintiffs stating as follows:

> Request No. 2 seeks documents that are subject to the attorney-client privilege. You will note that we filed a privilege log with our initial disclosures that listed such documents. Nevertheless, we are willing to produce these documents so long as we have an express understanding that (a) their production shall not be deemed to be a waiver in any respect of the attorney-client privilege as it may apply to other communications either in writing or oral, and (b) there is no contention that either Jim Shlesinger or his law firm is disqualified from the further representation of Regions University by virtue of either these documents or the opinions expressed in them.

*See* Doc. 36-4 at p. 1 (Hudson Letter). Plaintiffs' counsel responds in his letter with the following:

> I understand from your letters that you are willing to produce documents and information relating to this advice so long as this waiver does not constitute waiver of attorney-client communications dealing with other matters and that we will not seek to disqualify Mr. Shlesinger or his firm. Both conditions are acceptable.

*See* Doc. 36-5 at p. 2 (Pecau Letter). As evidenced by the above statements, it appears they reached an agreement. The Court appreciates the parties' attempt to work out the situation without court intervention; however, at the hearing it became apparent the two sides had different views on the agreement. In reviewing the letters, the Court can see both perspectives.

The federal rules do not *per se* prohibit the deposition of opposing counsel; however, such depositions are generally disfavored and call for special scrutiny. However, in this case, Plaintiffs have established a genuine need for the deposition of Defendant's trademark counsel with regard to the opinion and its underlying facts. Moreover, a plaintiff is entitled to discover the information provided to counsel when the

defendant uses the reliance upon the advice of counsel as a defense particularly because "a party which withholds material information from counsel in seeking an opinion as to potential infringement cannot subsequently claim good faith reliance upon that opinion in defense to a claim of willful infringement." *Amsted Indus. v. Nat'l Castings, Inc.*, 1990 WL 106548, 16 U.S.P.Q.2d 1737, 1742 (N.D. Ill. 1990). This satisfies tests used by various circuits.[2] It is clear by asserting reliance upon Trademark Counsel, Defendant has placed in issue the circumstances of Trademark Counsel's opinion letter. *Id.* at 1743. However, that should not lead to an unlimited inquiry. So while Plaintiffs are entitled to learn about the opinion and its underlying factual basis, Plaintiffs may not question trademark counsel regarding any other matter.

Because of the limited inquiry that is being authorized, the fact the parties simply had a miscommunication regarding their discovery agreement,[3] and due to the negative

---

[2] *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (parties seeking to depose opposing counsel must show that (1) no other means exist to obtain the information sought through the deposition than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case); *but see In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2nd Cir. 2003) (the judicial officer supervising discovery [may take] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.).

[3] Despite their best efforts it appears the parties simply did not realize they were not on the same page as to the agreement.

impact that deposing a party's trial counsel can have on the litigation process,[4] it is for good cause,

**ORDERED** that the *Motion for Protective Order* (Doc. 36) is **DENIED**. However, it is **DIRECTED** that the deposition of James Shlesinger is to be conducted on written questions in accordance with Rule 31 of the Federal Rules of Civil Procedure. The deposition questions are to be served no later than **August 3, 2007**. Defendants are to serve any cross questions by **August 7, 2007** and Plaintiffs are to serve any redirect questions by **August 10, 2007**. The deposition is to be conducted no later than **August 15, 2007**.

DONE this 26th day of July, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[4] The practice of deposing opposing counsel can detract from the quality of client representation and may create a "chilling effect" on the truthful communications between attorney and client. *Shelton*, 805 F.2d at 1327. It also may require supervision of a judicial officer in order to deal with continuing disputes raised by efforts to breach attorney-client privilege or questions outside the scope of the limited issue. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1423 (11th Cir. 1994) (district court did not abuse its discretion in ruling that plaintiffs may depose the defendants' attorney only by written questions).