**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| REGIONS ASSET COMPANY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-882-MHT |
| | ) | |
| REGIONS UNIVERSITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO COMPEL DISCOVERY RESPONSES AND**
**COMPLIANCE WITH ORDER OF COURT**

COME NOW the Plaintiffs in the above-styled cause and respectfully move the Court for an Order compelling the Defendant to respond to Plaintiffs' discovery and compelling compliance with the Court's Order dated July 26, 2007 (Document 58) and as grounds therefor shows to the Court as follows:

1. By Order dated July 26, 2007, the United States Magistrate Judge Terry F. Moorer recognized that the Plaintiffs should be allowed to complete discovery by questioning trademark counsel James Shlesinger and obtain documents relating to any opinions of James Shlesinger and the underlying factual basis thereof.

2. The Court further directed that such inquiry of James Shlesinger should be done through the use of written questions pursuant to Rule 31 of the *Federal Rules of Civil Procedure* and that the questions were to be served no later than August 3, 2007.

3. On the morning of July 27, 2007, William Pecau, an attorney for plaintiffs, spoke to Tom Hudson concerning the documents requested by plaintiffs concerning Mr. Shlesinger's

deposition and the scope of the deposition's subject matter. Mr. Hudson advised Mr. Pecau that Defendant was not intending to produce any documents and that Defendant had a different view as to the permissible scope of the deposition. Mr. Hudson requested a letter that set forth the documents Plaintiffs expected Defendant to produce and the intended scope of the deposition. He said that his partner William Watts would call after reviewing Mr. Pecau's letter to see if the parties could reach an accommodation. Mr. Pecau spoke to Mr. Watts and the parties could not agree on any of the outstanding issues raised by Mr. Pecau in his call to Mr. Hudson and in his letter that is attached as Exhibit A. As more fully appears in the correspondence between counsel attached hereto as Exhibit A, counsel for Defendant will not produce documents which were within the scope of the July 26, 2007 Order and necessary to adequately make inquiry of James Shlesinger. Indeed, Defendant will not even produce the "full report and references" referred to in Mr. Shlesinger's July 27, 2006 e-mail.

4.    The Plaintiffs' seek an Order requiring the Defendant to immediately produce, to the Plaintiffs, all documents within the scope of the discovery permitted by July 26, 2007 Order and to otherwise enforce the terms of the Court's prior Order.

5.    As more fully appears in the correspondence attached hereto as Exhibit A, Defendant does not intend to respond to questions within the subject matter of its waived attorney-client privilege regarding the discussions and advice of counsel that it has publicly referred to, testified upon, produced and is relying upon in its filed motions. *See* Exhibits to the correspondence A, B, C and D.

6.    Plaintiffs further respectfully request that fees, costs and other appropriate sanctions be taxed and imposed against the Defendant in connection with this Motion.

Respectfully submitted this the 27th day of July, 2007.

/s/ Charles B. Paterson
One of the Attorneys for Plaintiffs Regions Asset
Company, Regions Financial Company and Regions
Bank

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
pclark@balch.com

William G. Pecau
Rachel M. Marmer
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202)429-6244
Facsimile:  (202)429-3902
wpecau@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 27th day of July, 2007:

Victor T. Hudson                          James E. Shlesinger
William W. Watts, III                     Shlesinger, Arkwright & Garvey LLP
Hudson & Watts, LLP                       1420 King Street
Post Office Box 989                       Suite 600
Mobile, Alabama 36601-0989                Alexandria, Virginia 22314


                                          /s/ Charles B. Paterson
                                          Of Counsel

# EXHIBIT A

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

William G. Pecau
202.429.6244
wpecau@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

July 27, 2007

**Via E-MAIL**

Victor T. Hudson, Esq.
Hudson & Watts, LLP
Post Office Box 989
Mobile, AL 36601-0989

> RE: **Regions Asset Company v. Regions University, Inc.**
> **Case No. CV-06-882-MHT**

Dear Tom:

This is in furtherance of our conversation this morning concerning Judge Moorer's order of yesterday, July 26, regarding the deposition upon written questions of Mr. Shlesinger.

## I. Documents

Our deposition contained a request for production of documents concerning Mr. Shlesinger's advice concerning the change of the defendant's name and defendant's adoption and use of the REGIONS mark. A copy of the request is attached as Exhibit A.

I had asked if we could get the documents that Mr. Shlesinger was going to produce by Monday, July 30, so that we could prepare our written questions by August 3 as ordered by the Court. I understand from our conversation that defendant and Mr. Shlesinger had had no intention of producing any documents requested, including the full opinion and references that are identified in the email from Mr. Shlesinger dated July 27, 2006. You asked for a list of requested, relevant documents that we would expect to be produced so that you could confirm defendant's refusal to produce the documents.

STEPTOE & JOHNSON LLP

Victor T. Hudson, Esq.
July 27, 2007
Page 2

I do not know what relevant documents Mr. Shlesinger has, but these are the specific documents that exist or should exist that are within the scope of our request:

1.    The "full report, including copies of the references," that Mr. Shlesinger said he would mail Dr. Turner in his July 27, 2006 e-mail and that you said was prepared but not produced.

2.    All trademark searches and references relied upon by Mr. Shlesinger regarding his advice to the defendant concerning the change of the school's name and the adoption and use of the name Regions by defendant.

3.    Any documents that Mr. Shlesinger received from defendant concerning Mr. Shlesinger's discussions with defendant concerning the change of the school's name and the adoption and use of the Regions name prior to defendant's receiving the first cease and desist letter from plaintiff dated August 18, 2006. Of course, this would include any discussions with defendant concerning a decision not to provide defendant with the "full report, including copies of the references" that Mr. Shlesinger said in his July 27, 2006 e-mail he would mail to Dr. Turner. It will also include documents concerning any discussions, comments or other communications with defendant concerning the defendant's email announcing the adoption of the Regions name and defendant's reference to Mr. Shlesinger's advice and its quotation from Mr. Shlesinger's July 27, 2006 e-mail. *See* Exhibit B (highlighted for your convenience).

4.    Any notes or diary entries of Mr. Shlesinger concerning discussions with defendant concerning the change of defendant's name and the adoption and use of the name Regions by defendant prior to defendant's receiving the cease and desist letter of August 18, 2006.

5.    Any e-mails or other communications with defendant concerning Masters University, Regions University or any other name considered in connection with defendant's name change prior to receiving the first cease and desist letter from plaintiff dated August 18, 2006.

Please confirm today by 3:00 pm that you will continue your refusal to provide such information, so that I may raise this with the Magistrate Judge.

**II.    Subject Matter**

In addition, based on our conversation, it appears that defendant intends to refuse to allow Mr. Shlesinger to testify as to the following matters which clearly are part of the subject matter waived, go to the reasonableness of defendant's reliance on a preliminary e-mail opinion, and therefore are within the scope of the Judge Moorer's July 26 Order.

1.    Discussions and other communications between Mr. Shlesinger and defendant after the July 27, 2006, 9:59 AM email concerning the full report and references referred to in that e-mail.

STEPTOE & JOHNSON ᴸᴸᴾ

Victor T. Hudson, Esq.
July 27, 2007
Page 3

        2.     Other discussions and communications between Mr. Shlesinger and defendant prior to receipt of the August 18, 2006, cease and desist letter from plaintiff concerning the adoption and use of the Regions name, including the announcement of the change of name and defendant's reliance on advice of counsel. *See* Exhibit B. As you know, this communication was the initial basis for defendant's waiver of attorney-client privilege regarding defendant's adoption and use of the Regions name. In any event, plaintiffs are entitled to this testimony and corresponding documents up until the date of the cease and desist letter. *See Eco Manufacturing LLC v. Honeywell Int'l, Inc.*, No. 1:03-CV-0170-DFH, 2003 WL 1888988 (S.D. Ind. Apr. 11, 2003), at *3 ("[T]he court finds that the relevant subject matter is the intellectual property issues relating to Eco Manufacturing's development of a circular thermostat design, from approximately May 2001 through the date that Eco Manufacturing received Honeywell's 'cease and desist' letter in January 2003").

        3.     Conversations with Dr. Turner and other representatives of defendant concerning the adoption of defendant's new name beginning with Masters University. As we discussed, defendant has specifically relied upon this advice in its brief for summary judgment. See Exhibit C, page 5 from Defendant's Motion for Summary Judgment. Accordingly, there is no possible basis for continuing to claim privilege with respect to these discussions.

## III.    Daniel Earle's Testimony

        Furthermore, plaintiffs have the same issues with Mr. Shlesinger's partner, Daniel Earle, whose deposition was noticed yesterday. Exhibit D. As we discussed, it would make sense to abide by Judge Moorer's ruling with respect to Mr. Shlesinger in taking Mr. Earle's deposition. Mr. Earle discussed with Dr. White plaintiffs' Regions University mark. Turner Tr. 166-69; White Tr. 72-75. Any waiver of privilege with respect to the opinion and factual predicate of Mr. Shlesinger's advice and discussions with defendant necessarily likewise applies to his partner, Mr. Earle.

        As I said, I need to know by 3:00 pm CT whether defendants will produce the documents I have requested by Monday and will abide by the Court's order concerning the testimony of Mr. Shlesinger and Mr. Earle.

                       Very truly yours,

                       William G. Pecau

Enclosures

# EXHIBIT A

## SCHEDULE A

### Documents Requested of James Shlesinger

## DEFINITIONS AND INSTRUCTIONS

1.　"Plaintiffs" or "Regions" means Regions Asset Company, Regions Financial Corporation, Regions Bank, their predecessors, successors, and assigns, and any of their affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

2.　"Defendant" means Regions University, Inc., its predecessors, successors, and assigns, and any of its affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

3.　"Person" means, without limiting the generality of its meaning, any natural person, group of natural persons (such as a committee or board of directors), corporation, partnership, unincorporated association, joint venture and any other incorporated or unincorporated business, governmental, public or social entity.

4.　"You" means James Shlesinger.

5.　"Your Firm" means Shlesinger, Arkwright & Garvey LLP.

6.　"And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed as outside their scope.

7.　"Concerning" means containing, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, or being in any way legally, logically or factually connected with or pertaining to, in whole or in part, the matter discussed.

8.      Whenever appropriate in these Requests, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to be outside of their scope.

9.      If any information requested by these Requests is claimed to be immune from discovery on the grounds of privilege or otherwise:

        a.      identify the communication or document;

        b.      identify the person or persons making the communication or authoring the document and all persons receiving the information;

        c.      specify the type of privilege or other reason asserted for withholding the requested information;

        d.      specify the basis for the assertion; and

        e.      describe the withheld information to a degree sufficient to enable the court to decide if such claim has been properly invoked.

## DOCUMENTS REQUESTED

1.      All documents concerning any services performed by You or Your Firm on behalf of Defendant or any advice given by You or Your Firm to Defendant or any of its representatives in connection with Defendant's name change from Southern Christian University in 2006.

2.      All documents concerning any information provided to You or Your Firm by Defendant in connection with your representation of Defendant in connection with Defendant's name change from Southern Christian University, including information concerning Regions Bank, Defendant's knowledge of the REGIONS name or mark, the reason the word "regions" and other words were considered, Plaintiffs' Regions University, and Southern Christian University.

- 2 -

3.    All documents concerning any trademark or name searches and their results in connection with the Defendant's change of name from Southern Christian University in 2006, including any searches or other inquiries concerning the terms "Regions," "Rex," "Turner," Masters," "Greystone," "Royale," "Providence," or "Regal."

4.    All documents concerning Regions Bank, the REGIONS mark or name, or Plaintiff's Regions University.

5.    All documents concerning any opinion or advice provided by You or Your Firm to Defendant in 2006 concerning its change of name or the availability of any term, including the terms "Regions," "Rex," "Turner," Masters," "Greystone," "Royale," "Providence," or "Regal," alone or with other elements, for registration or use in connection with Defendant's services, products or businesses and any qualification or limitation to such opinion or advice.

6.    Any documents concerning the retention or employment of You or Your Firm by Defendant in connection with services or advice concerning the Defendant's name change from Southern Christian University in 2006.

7.    All documents concerning the application, registration, use or the possible use for a service, product or business of the following terms "Regions," "Rex," "Turner," Masters," "Greystone," "Royale," "Providence," or "Regal," alone or with other elements.

# EXHIBIT B

*Emailed to*
*students*
*8-16-06*

## NAME CHANGE LETTER

On August 2, 2006, the Board of Regents of *Southern Christian University* changed the institution's name to *REGIONS UNIVERSITY*. They determined that this name would enhance the university's opportunities and would complement the purpose and vision of this university as it accelerates its educational and religious heritage of *Going into all the regions of the world.*

The vision of this university is to expand its operations throughout the United States and internationally. The university is licensed and operating in the State of Tennessee and is in the process of seeking licensure in Arizona, Nevada, South Carolina, and North Carolina. An online Bible teaching program is presently being implemented for the people of Italy in the Italian language, and similar strategies are now being considered for other foreign countries.

The name *Southern* has been restrictive due to its geographical and political restraints. The university's regions of influence and operation are minimized within the western and northern United States and internationally. In foreign countries, *Southern* poses unique naming problems. On many occasions our faculty experienced the limiting access of the name as they taught in the regions of the former Communist Russia.

As you may know, changing the name of an accredited university is thought provoking and monumental. A trademark attorney was retained to assist in this process and to help determine the trademark registrability of several potential university names. The Board of Regents used this critical information in its deliberations.

The board naturally reviewed naming the institution after its founders, Rex and Opal. Turner. History records that several of our sister Christian institutions, such as: *Lipscomb University*, *Freed-Hardeman University*, and *Harding University* were most appreciative of their founders' biblical knowledge, example, and sacrifice, and as a result named their institutions after the founders. This board gave similar genuine consideration and appreciation for *Turner University*, but was diverted upon learning that Ted Turner's corporations posed trademark registration naming issues.

*Regions University* was also considered. The attorney's trademark search revealed: *"we are of the opinion that the mark, Regions University, is registerable for educational services, namely, providing instruction at the university level."* As well, a search for email domains positively disclosed the availability of www.regions.edu and www.regionsuniversity.edu.

One important consideration, with the board, was that this name reflects the founders' vision and goal of having a *"school without walls"* that could provide accredited quality academic and Christian education to all regions of the world. The founders spent a

RU 058

EXHIBIT
**34**
*Turner*

PENGAD 800-631-6989

lifetime in service, traveling to all regions of the United States *"To preach the gospel in all regions beyond you . . ."* 2 Corinthians 10: 16. In appreciation for Rex and Opal Turner's lifetime service, you should know that in 1999 the board named one of the university schools *Turner School of Theology.*

The word *Regions* is used over seventy times in the Bible, and it corresponds to the institution's mission to go into all the regions of the world with the message of Christ. The university has 33 academic degree programs and annually enrolls over 1000 students who reside in all of the regions of the 50 United States. The university's expansion into the international global higher education markets will provide an open door opportunity in restrictive foreign countries, like China.

In light of all favorable information presented, the board approved renaming the institution to *Regions University* and authorized the creation of a new seal bearing an etched image of its founders and the new words *Regions University*. The board approached this decision with a united commitment to implement its institutional plans.

The university is entering its 40th year of operation and this name change does not alter its ownership, accreditation, institutional mission, or commitment for its *Positive Statement of Faith*. The fact that this institution is the first university among the fellowship of the Churches of Christ to offer an accredited *Ph.D. degree in Biblical Studies* speaks volumes about this institution's commitment to continue the founders' example of training laborers who make known the gospel of Christ in all regions of the world.

The purpose for which this university was founded will now have a better opportunity to expand into all regions of the world with the *Regions University* name. The university has the accreditation, the technology, the leadership, the faculty, the student body, and a well-built infrastructure to implement and accomplish this task!

*Regions University* has no debt and has valuable commercial property, a total of 195 acres, in two Alabama locations in Macon and Montgomery Counties on interstate I-85. To implement the vision before us, it will necessitate the cooperation, involvement and united support of the board, alumni, administration, staff, faculty, students, and friends.

Your interest in and support of *Southern Christian University* in the past is deeply appreciated, and your continued prayers and support of this university are respectfully solicited as we endeavor to maintain and expand its mission under the new banner, *Regions University*. Please, continue your moral and financial support for this important cause!

Sincerely Yours,


Rex A. Turner, Jr., Ed.D.
President


RU 059

# EXHIBIT C

prominence."   (Ex. 24).   Although some Board members were reluctant to change the name, they understood the need to do so. Dr. Turner stated that the school's mission would not change and that "Masters University represents Jesus, the Master Teacher." (Ex. 23, RU135).

Thereafter, application was made to register the mark "Masters University."   The examining attorney, however, refused registration, finding that the mark was merely descriptive of the educational services to be rendered.   (Turner depo. at p. 102; Ex. 26).   Meanwhile, school officials had learned of another school, The Master's College of Bible in California. (Turner depo. at pp. 104-05; Ex. 25, RU148).   Dr. Turner contacted trademark counsel, Jim Shlesinger, who recommended that they not use the name "Masters University" because Masters College of Bible could contest it.   (Turner depo. at p. 109; Ex. 27).

Other names were then considered, including Rex University, Turner University, Regions University, Graystone University, Royal University, Providence University and Regal University. (Turner depo. at pp. 111-13).   Each of the names Royal, Regal and Regions, had some emphasis of prominence.   Regions also

5

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGIONS ASSET COMPANY, | ) | |
| REGIONS FINANCIAL CORPORATION, | ) | |
| and REGIONS BANK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-882-MHT |
| | ) | |
| REGIONS UNIVERSITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Daniel Earle of the law firm of Shlesinger, Arkwright & Garvey LLP, on Tuesday, August 7, 2007, at 3:00 PM at Steptoe & Johnson LLP, 1330 Connecticut Avenue, NW, Washington, DC 20036.

NOTICE IS FURTHER GIVEN THAT the deposition will be transcribed by a certified court reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. All counsel are invited to attend and cross-examine.

NOTICE IS FURTHER GIVEN THAT pursuant to Rule 30(b)(5), the deponent is requested to produce at said examination all documents and tangible things in his possession or

under his custody or control relating to or concerning the matters specified in Schedule A,

attached hereto.

Dated: July 26, 2007

_____
One of the Attorneys for Plaintiffs, Regions
Asset Company, Regions Financial
Corporation and Regions Bank

OF COUNSEL:

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, AL 36104
Tel: (334) 269-3143

William G. Pecau, Esq. (DC Bar # 478341)
Rachel M. Marmer, Esq. (DC Bar # 489606)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing NOTICE OF DEPOSITION on counsel for Defendant by overnight courier on this 26th day of July, 2007 properly addressed to them:

Victor T. Hudson
William W. Watts, III
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601-0989

James E. Shlesinger
Shlesinger, Arkwright & Garvey LLP
1420 King Street
Suite 600
Alexandria, Virginia 22314

## SCHEDULE A

### Documents Requested of Daniel Earle

### DEFINITIONS AND INSTRUCTIONS

1.     "Plaintiffs" or "Regions" means Regions Asset Company, Regions Financial Corporation, Regions Bank, their predecessors, successors, and assigns, and any of their affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

2.     "Defendant" means Regions University, Inc., its predecessors, successors, and assigns, and any of its affiliates, officers, directors, agents, employees, or other persons, including, but not limited to, its attorneys, accountants and advisors, acting or purporting to act on its behalf.

3.     "Person" means, without limiting the generality of its meaning, any natural person, group of natural persons (such as a committee or board of directors), corporation, partnership, unincorporated association, joint venture and any other incorporated or unincorporated business, governmental, public or social entity.

4.     "You" means Daniel Earle.

5.     "Your Firm" means Shlesinger, Arkwright & Garvey LLP.

6.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed as outside their scope.

7.     "Concerning" means containing, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, or being in any way legally, logically or factually connected with or pertaining to, in whole or in part, the matter discussed.

8.    Whenever appropriate in these Requests, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to be outside of their scope.

9.    If any information requested by these Requests is claimed to be immune from discovery on the grounds of privilege or otherwise:

        a.    identify the communication or document;

        b.    identify the person or persons making the communication or authoring the document and all persons receiving the information;

        c.    specify the type of privilege or other reason asserted for withholding the requested information;

        d.    specify the basis for the assertion; and

        e.    describe the withheld information to a degree sufficient to enable the court to decide if such claim has been properly invoked.

## DOCUMENTS REQUESTED

1.    All documents concerning any services performed by You or Your Firm on behalf of Defendant or any advice given by You or Your Firm to Defendant or any of its representatives in connection with Defendant's name change from Southern Christian University in 2006.

2.    All documents concerning any information provided to You or Your Firm by Defendant in connection with your representation of Defendant in connection with Defendant's name change from Southern Christian University, including information concerning Regions Bank, Defendant's knowledge of the REGIONS name or mark, the reason the word "regions" and other words were considered, Plaintiffs' Regions University, and Southern Christian University.

- 2 -

3.      All documents concerning any trademark or name searches and their results in connection with the Defendant's change of name from Southern Christian University in 2006, including any searches or other inquiries concerning the terms "Regions," "Rex," "Turner," "Masters," "Greystone," "Royale," "Providence," or "Regal."

4.      All documents concerning Regions Bank, the REGIONS mark or name, or Plaintiff's Regions University.

5.      All documents concerning any opinion or advice provided by You or Your Firm to Defendant in 2006, or any conversation or communication with a representative of Defendant concerning its change of name or the availability of any term, including the terms "Regions," "Rex," "Turner," Masters," "Greystone," "Royale," "Providence," or "Regal," alone or with other elements, for registration or use in connection with Defendant's services, products or businesses and any qualification or limitation to such opinion or advice.

6.      Any documents concerning the retention or employment of You or Your Firm by Defendant in connection with services or advice concerning the Defendant's name change from Southern Christian University in 2006.

7.      All documents concerning the application, registration, use or the possible use for a service, product or business of the following terms "Regions," "Rex," "Turner," Masters," "Greystone," "Royale," "Providence," or "Regal," alone or with other elements.