IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| REGIONS ASSET COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Civil Action No. 2:06-cv-882-MHT |
| ) | |
| REGIONS UNIVERSITY, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL DISCOVERY
RESPONSES IN COMPLIANCE WITH ORDER OF COURT**

COMES NOW defendant Regions University, Inc. in the above-styled cause and files the following response to plaintiffs' motion to compel discovery responses in compliance with Order of Court.

1.   By Order dated July 26, 2007, Magistrate Judge Terry Moorer overruled defendant's motion for protective order and authorized the plaintiffs to submit certain questions by written interrogatories to Mr. Shlesinger for purposes of a Rule 31 deposition.

2.   Contrary to plaintiff's suggestion, the Order entered by Your Honor does not make any rulings with respect to documents which the plaintiffs have sought in connection with deposition and there was no argument at the hearing regarding the scope of any document production.

3. Defendant has previously filed objections to the scope of the documents requested to be produced as being far too broad and beyond the range of what is discoverable in this case. See Exhibit A attached hereto.

4. On Friday afternoon, July 27, our office received an e-mail of Mr. Pecau's letter of July 27, giving us until 3:00 p.m. to agree to the production of certain documents which he listed in that letter. Although I attempted to reach Mr. Shlesinger to see what could be agreed to in terms of production, he had left the office for vacation and could not be reached by phone. I called Mr. Pecau and told him that although I was prepared to reach agreement with him on a number of documents requested, I could not confirm the position of Mr. Shlesinger until I reached him, and therefore could not commit to what would be produced at that time.

5. Since that time, I have spoken with Mr. Shlesinger and his firm about any document production. Defendant would agree to the production of documents from the files of Mr. Shlesinger's firm which are responsive to the five categories as listed in plaintiff's counsel's letter of July 27, 2007, to Mr. Hudson with the following reservations and conditions:

a. The production of any particular document pursuant to the resolution of this discovery matter shall not serve to enlarge the scope of any waiver which otherwise may

2

have occurred as a result of any matter that has previously occurred in this litigation, or to otherwise enlarge the scope of Your Honor's ruling or to operate as a waiver of any objections to the relevance or admissibility of any of these documents.

      b.   The "full report including copies of the references" shall be produced with a redaction of the amount of the attorneys' fee to be charged for the cost of preparing and filing the application and a withholding of the bill for services rendered.  Such matters are confidential to the law firm and a matter of proprietary information, and otherwise irrelevant to these proceedings. This report is being produced with the further stipulation that no inference is to be drawn from the production of it that defendant ever received this document.

    6.   Documents responsive to categories Nos. 2, 3 and 4, if any exists, shall be produced.

    7.   Documents responsive to category No. 5 shall be produced if relevant to any communications regarding the opinions of counsel as to the use or adoption of any of these marks.  Defendant does object to the production of documents, after the decision had been made to file for registration of the name "Regions University," which relate only to the wording of

3

the application and not to any opinions relating to the, use or adoption of the mark itself.

8. With respect to the subject matter of the questions to be posed to Mr. Shlesinger or Mr. Earle, we do not anticipate any problems with respect to the description of that subject matter as contained in Mr. Pecau's letter. However, we would simply reserve the right to raise any objections we may have to questions once they are submitted and will certainly submit those to Your Honor in a timely fashion if any arise.

9. We hope that the foregoing will assist in resolving the issues to be addressed at the conference this afternoon. If there are other questions, we can certainly be prepared to answer them at that time.

    Respectfully submitted,

/s/ WILLIAM W. WATTS
WILLIAM W. WATTS, III
[WATTW5095]
bill@alabamatrial.com
[HUDSV1684]
tom@alabamatrial.com
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601

JAMES E. SHLESINGER
Shlesinger, Arkwright &
    Garvey LLP
1420 King Street, Suite 600
Alexandria, Virginia 22314

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

    I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    William G. Pecau, Esq.
    Rachel M. Marmer, Esq.
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036

    Charles B. Paterson, Esq.
    Paul A. Clark, Esq.
    BALCH & BINGHAM, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, Alabama  36104

                              /s/ WILLIAM W. WATTS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REGIONS ASSET COMPANY, et al.,)
                                )
      Plaintiffs,      )
                                )
                                ) Civil Action No. 2:06-cv-882-MHT
                                )
REGIONS UNIVERSITY, INC.    )
                                )
      Defendant.       )

**OBJECTIONS TO RULE 30(b)(5)**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the defendant Regions University, Inc. and files the following objections to the Rule 30(b)(5) request for production of documents which are requested to be produced in connection with the deposition of James Shlesinger scheduled for July 10, 2007.

GENERAL OBJECTION

The deponent is not a party to this litigation.

SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

1. Defendant objects to the production of the documents requested in number 1 as falling within the attorney-client privilege and as privileged work product under Rule 26(b)(3), F.R.C.P. Without waiving said objections, and subject to those objections, defendant has previously produced all documents

Exhibit A

reflecting advice given by Mr. Shlesinger or his firm to defendant or its representatives in connection with defendant's name change from Southern Christian University in 2006.

2. Defendant objects to the production of the documents requested in number 2 as falling within the attorney-client privilege and/or as privileged work product under Rule 26(b)(3), F.R.C.P. Without waiving said objections, and subject to those objections, defendant states that it has previously furnished to plaintiff all documents concerning any information provided to Mr. Shlesinger or his firm by defendant in connection with advice given by Mr. Shlesinger or his firm in connection with defendant's name change from Southern Christian University.

3. Defendant objects to the production of the documents requested in number 3 as falling within the attorney-client privilege and/or as privileged work product under Rule 26(b)(3), F.R.C.P., and further objects on the grounds that said request seeks information that is irrelevant and immaterial and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and subject to those objections, defendant states that it has previously furnished to plaintiff all documents concerning any information provided to Mr. Shlesinger or his firm by defendant in connection with advice given by Mr. Shlesinger or his firm in

connection with defendant's name change from Southern Christian University.

4. Defendant objects to the production of the documents requested in number 4 as falling within the attorney-client privilege and/or as privileged work product under Rule 26(b)(3), F.R.C.P., and further objects on the grounds that said request seeks information that is irrelevant and immaterial and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to said request as being vague, ambiguous, overly broad, unduly burdensome. Without waiving said objections, and subject to those objections, defendant states that it has previously furnished to plaintiff all documents concerning any information provided to Mr. Shlesinger or his firm by defendant in connection with advice given by Mr. Shlesinger or his firm in connection with defendant's name change from Southern Christian University.

5. Defendant objects to the production of the documents requested in number 5 as falling within the attorney-client privilege and/or as privileged work product under Rule 26(b)(3), F.R.C.P. Without waiving said objections, and subject to those objections, defendant has previously produced all documents reflecting advice given by Mr. Shlesinger or his firm to defendant or its representatives in connection with defendant's name change from Southern Christian University in 2006.

6. Defendant objects to the production of the documents requested in number 6 as seeking information within the attorney-client privilege. Without waiving said objections, and subject to those objections, defendant has previously produced all documents reflecting advice given by Mr. Shlesinger or his firm to defendant or its representatives in connection with defendant's name change from Southern Christian University in 2006.

7. Defendant objects to the production of the documents requested in number 7 as falling within the attorney-client privilege and/or as privileged work product under Rule 26(b)(3), F.R.C.P., and further objects on the grounds that said request seeks information that is irrelevant and immaterial and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and subject to those objections, defendant has previously produced all documents reflecting advice given by Mr. Shlesinger or his firm to defendant or its representatives in connection with defendant's name change from Southern Christian University in 2006.

Respectfully submitted,

/s/ William W. Watts

WILLIAM W. WATTS, III
[WATTW5095]

bill@alabamatrial.com
VICTOR T. HUDSON
[HUDSV1684]
tom@alabamatrial.com
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601
Phone: 251-432-7200

JAMES E. SHLESINGER
Shlesinger, Arkwright &
    Garvey LLP
1420 King Street, Suite 600
Alexandria, Virginia 22314


ATTORNEYS FOR DEFENDANT


CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I served the foregoing on counsel of record for all parties to this proceeding by United States mail as follows:

William G. Pecau, Esq.
Rachel M. Marmer, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Charles B. Paterson, Esq.
Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104

_____
WILLIAM W. WATTS, III