IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____
REGIONS ASSET COMPANY, et al.,)
        Plaintiffs,    }
                              Civil Action No.2:06-cv-882-MHT
  v.                  )
REGIONS UNIVERSITY, INC.   )
        Defendant.    )
_____

### DEFENDANT'S RESPONSE TO MOTION TO COMPEL DISCOVERY RESPONSES IN COMPLIANCE WITH ORDER OF COURT

    COMES NOW Defendant, REGIONS UNIVERSITY, INC. in the above-styled cause and files the following response to Plaintiffs' Motion to Compel Discovery and Compliance with Order of Court.

    1.  By Order dated July 26, 2007, Magistrate Judge Terry Moorer overruled Defendant's Motion for Protective Order and authorized Plaintiffs to submit certain questions by written interrogatories to James E. Shlesinger for purposes of a Rule 31 deposition.

    2.  The July 26, 2007 Order did not, however authorize Plaintiffs to submit unlimited questions to Mr. Shlesinger. Rather, the Court specifically stated that the Order did not authorize Plaintiffs to "lead...an unlimited inquiry." Further,

the Court specifically set the limitations of the inquiry, stating "[s]o while Plaintiffs are entitled to learn about the opinion and its underlying factual basis, <u>Plaintiffs may not question trademark counsel regarding any other matter</u>." (July 26, 2007 Order, page 3; emphasis added.)  Further, Magistrate Judge Moorer gave three reasons for the July 26, 2007 Order: the miscommunication regarding the discovery agreement, the limited inquiry that was authorized, and the negative impact that deposing a party's trial counsel can have on the litigation process.  In a footnote, the negative impact that deposing a party's trial counsel can have on the litigation process was further explained.

    3.    Defendant has provided its written objections to Plaintiffs as soon as possible, to allow the parties to consider the objections and to give the Court as much time as possible to examine the questions and the objections.  Given the sensitivity of this matter (deposing a party's trial counsel), Defendant believes it is important that the objections be considered before the deposition, and the Court's attention to this is appreciated.

    4.    Despite the specific limitation set for Plaintiffs' deposition of James Shlesinger, Plaintiffs provided written questions for the deposition which included numerous inquiries

Civil Action No.2:06-cv-882-MHT

into matters other than the opinion and its underlying factual basis.  Question Nos. 26-70 and 83-85 concerned the mark, MASTERS UNIVERSITY, and the application Defendant files for registration thereof.  "The opinion" which has been made an issue in this proceeding does not in any way refer to MASTERS UNIVERSITY.  Question Nos. 156-163 and 281-285 concern descriptiveness.  "The opinion" does not discuss descriptiveness.  Question No. 293 concerns whether Defendant made the decision to change its name on July 27, 2006.  The Defendant's decision to change its name is not a part of the opinion or its underlying factual basis.  Question Nos. 318-324 concern the application for registration of the mark, REGIONS UNIVERSITY, filed by Defendant.  The application to register the mark, REGIONS UNIVERSITY, by Defendant is not part of the opinion and its underlying factual basis.  Question Nos. 330-333 concern a name change letter sent by Defendant to Defendant's students.  This name change letter is not a part of the opinion or its underlying factual basis.  Question Nos. 348-351 request information concerning "any discussions with Dr. Turner concerning the change of the name of the Defendant after August 2, 2006...".  This question is obviously extremely broad, and requests information "concerning the change of the name of the Defendant", rather than information concerning the opinion and

- 3 -

Civil Action No.2:06-cv-882-MHT

its underlying factual basis.  Defendant has recognized that some of these "discussions" may pertain to the opinion and its underlying factual basis, and has therefore asserted a limited objection, and the witness will answer this question to the extent that these discussions concern the opinion and its underlying factual basis.

    5.   Defendant has also objected to a few questions on grounds that the form of the question is prejudicial, and the questions assume facts or opinions for which there is no basis. These include Question No. 120 (no foundation for the fact that "everyone at the Defendant knew of Regions Bank"); Question No. 174 (no foundation for the opinion asserted that it is "important...[to] order a search from a company like Thompson Compumark ..." if a particular mark is important to an entity); Question No. 174 (the use of the term "Full Search" is prejudicial because there is no evidence to support that this is considered a "Full Search" and it implies that any other type of search is not a "Full Search"); and subsequent questions concerning a "Full Search".

    6.   Defendant has objection to Question No. 178 on grounds that this question is contrary to Magistrate Judge Moorer's July 30, 2007 Order concerning attorneys' fees.  This question asks "what did you tell [Dr. Turner] about the effect on your fees to

Civil Action No.2:06-cv-882-MHT

evaluate three Full Searches?"  By Order dated July 30, 2007, Magistrate Judge Moorer denied Plaintiffs' Motion to Compel discovery Responses in Compliance with Order of Court with respect to compelling the amount of attorneys' fees.  This question requests information concerning attorneys' fees, and is therefore objectionable, in accordance with Magistrate Judge Moorer's July 30, 2007 Order.

   7.   Defendant has also objected to questions which ask James Shlesinger if he had a "belief" as to the "understanding" of his client in a series of questions starting at Question No. 195.  These questions ask for him to speculate on an uncommunicated mental operation of another and would not be based on his personal knowledge and are therefore inadmissible.  See Butler v. Ala D.O.T., 2007 wl 1490908, *6(M.D. Ala. 2007); Bishop v. State, 690 So.2d 502(Ala. Crim.App.1996)("A witness may not testify to the uncommunicated mental operations of another.")  Mr. Shlesinger's personal "beliefs" or opinions as to his client's understandings are irrelevant in this litigation.

   8.   Plaintiffs also seek, in that same series of questions, starting at No. 194, to ask counsel to characterize the contents in his e-mail opinion.  The best evidence of that e-mail is the e-mail itself.  Mr. Shlesinger is being asked whether or not his e-mail is advising or not advising his client

of certain matters. Such testimony is irrelevant and not calculated to lead to the discovery of admissible evidence. Accordingly, Defendant has objected to Question Nos. 194-225, 229-230, 234-235, and 249-250.

9.  Prior to the July 26, 2007 Order, the parties agreed that the deposition of Daniel Earle would be treated the same as the deposition of James E. Shlesinger. Accordingly, Defendant has asserted similar objections in the deposition of Daniel Earle. The only objections which apply to the questions served by Plaintiffs for the deposition of Daniel Earle are the objections that the questions are beyond the scope of Magistrate Judge Moorer's July 26, 2007 Order. These include Deposition of Daniel Earle Question Nos. 26-70 (concerning MASTERS UNIVERSITY), Questions Nos. 97-103 (concerning descriptiveness), Question No. 111 (concerning whether Defendant changed its name on July 26, 2006), Question Nos. 137-143 (concerning the application to register the mark, REGIONS UNIVERSITY), Question Nos. 149-152 (concerning Defendant's name change letter to students), and Question Nos. 156-160 (limited objection to questions concerning "any discussions with Dr. Turner or any other person at Defendant concerning the change of the name of the Defendant after August 2, 2006", to the extent these questions fall outside the scope of the July 26, 2007 Order).

Civil Action No.2:06-cv-882-MHT

10.  In Defendant's Response to Motion to Compel Discovery Responses in Compliance with Order of Court, filed on July 30, 2007, Defendant specifically stated, "we...reserve the right to raise any objections we may have to questions once they are submitted..."  Upon receipt of Plaintiffs' written questions, it became apparent that a number of Plaintiffs' questions exceeded the scope of Magistrate Judge Moorer's July 26, 2007 Order to limit the inquiry to "the opinion and its underlying factual basis."  Accordingly, Defendant has now asserted these objections to the specific questions.

11.  Accordingly, Defendant requests that the Court sustain Defendant's objections and limit Plaintiffs inquiries to the subject matters authorized by Magistrate Judge Moorer's July 26, 2007 Order.

        Respectfully submitted,

        /s/ JAMES E. SHLESINGER

        Shlesinger, Arkwright & Garvey LLP
        1420 King Street, Suite 600
        Alexandria, Virginia 22314

        /s/ WILLIAM W. WATTS

        WILLIAM W. WATTS, III
        [WATTW5095]
        bill@alabamatrial.com

Civil Action No.2:06-cv-882-MHT

[HUDSV1684]
tom@alabamatrial.com

HUDSON & WATTS, LLP
Post Office Box 989
Mobile, Alabama 36601

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to:

William G. Pecau, Esq.
Rachel M. Marmer, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036


Charles B. Paterson, Esq.
Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104

                                           /S/WILLIAM W. WATTS_____