IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, REGIONS FINANCIAL CORPORATION and REGIONS BANK<br><br>Plaintiffs,<br><br>v.<br><br>REGIONS UNIVERSITY, INC.<br><br>Defendant. | Civil Action No. 2:06-cv-882-MHT |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF JIM JAGER

Plaintiffs, Regions Asset Company, Regions Financial Corporation and Regions Bank ("Regions"), hereby oppose Defendant's Motion to Strike the Declaration of Jim Jager ("Jager Decl."). Defendant's motion should be denied for two primary reasons. First, the production of the July 2007 brand awareness research conducted by Mr. Jager's company was timely. Second, Regions was not obligated to identify Mr. Jager as a Rule 26 expert – he is a fact witness.

### Background

Jim Jager is the president of New South Research, a market research firm that has conducted market related research for Regions since the early 1990s. (*See* Jager Decl. ¶ 1, 2). On April 16, 2007, Regions produced to defendant each survey report Mr. Jager refers to in his declaration that existed on that date. (*See* Pecau Ex. A.) Moreover, Regions identified these surveys to defendant by bates numbers in Regions' revised and amended responses to defendant's document request numbers 15, 17, 20 and 25. (*Id.*) On August 8, 2007, Regions' counsel learned of a similar survey conducted in the end of July 2007. That same day Regions

supplemented its production with an interim survey report for the July survey. (Pecau Decl. ¶ 2; Pecau Ex. B.) Regions produced the final version of the July 2007 report on August 15, 2007 and the related questionnaire on August 17, 2007. (Pecau Decl. ¶ 3, 4.)

The Jager Declaration authenticates and discusses these various market research surveys that New South Research performed for Regions in the ordinary course of business – and not for litigation purposes. Regions submitted the Jager Declaration in support of its Response to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment. Through the declaration of Jim Jager, Regions is merely offering explanatory fact witness testimony pertaining to these business records – not Rule 26 expert testimony.

## Argument

### I. REGIONS PRODUCED THE DOCUMENTS ATTACHED TO THE JAGER DECLARATION IN A TIMELY MANNER.

Defendant argues that the Jager Declaration should be stricken in part because the underlying documents were not produced in a timely manner. (See Motion to Strike, ¶¶ 3,9.) To support its flawed theory, defendant directs the Court to the 30(b)(6) notice of deposition and accompanying 30(b)(5) document request of June 19, 2007, and the "original" 30(b)(6) notice of deposition and accompanying 30(b)(5) document request of May 23, 2007. Defendant also implies that the surveys should have been produced in conjunction with the disclosure of Regions' expert, Professor Avery Abernethy, which Regions filed in compliance with the Court's Scheduling Order on June 15, 2007.

Defendant's argument makes no sense. Regions produced four of the five surveys discussed in the Jager Declaration (years 2000 through 2003), on April 16, 2007, more than a month before defendant's first 30(b)(5) and (6) notice and two months before its revised notice and Professor Abernethy's report. (Pecau Decl. Ex. A.)

2

The last survey at issue, dated July 2007, had not yet been completed and could not have been produced earlier. As soon as Regions obtained a copy of the July 2007 survey on August 8, 2007, it supplemented its production. (Pecau ¶ 3; Pecau Ex. B). And, as soon as Regions learned that the copy of the July 2007 report that it produced was not a final version, it obtained and produced the final version of the report on August 15, 2007. (Pecau Decl. ¶ 4). Discovery closed the same day. Accordingly, Regions did not delay in the production of this information.[1]

Because Regions produced the documents attached to Mr. Jager's declaration in a timely and reasonable fashion, defendant's objections to the surveys based upon the timing of their production are without merit. Defendant's motion should be denied.

## II. REGIONS WAS NOT OBLIGATED TO DISCLOSE MR. JAGER AS AN EXPERT

Rule 26(a)(2)(A) obligates a party who wishes to offer expert testimony to disclose, during pretrial proceedings, "the identity of any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). Additionally, if an expert witness is "retained or specially employed to provide expert testimony in the case," the party seeking to offer testimony from such an expert must submit a written report containing, inter alia, detailed information as to the qualifications and intended testimony of the witness. Fed. R. Civ. P. 26(a)(2)(B).

As used in Rule 26, the term "expert" refers to "those persons who will testify under Rule 702 of the Federal Rules of Evidence [by giving opinion testimony] with respect to scientific,

---

[1] Defendant also asserts that plaintiffs did not produce the information necessary to admit the surveys. Defendant cites one case in support, *Brook Shoes Manufacturing Co. v. Suave Shoe Corp.*, 716 F.2d 854 (11th Cir. 1983). This case is inapposite because it pertains only to the admission of surveys that measure the potential confusion existing in the use of competing marks, not marketing research like those by Mr. Jager and New South Research. *See id.*

3

technical, and other specialized matters." Fed. R. Civ. P. 26(a)(2) advisory committee's note to the 1993 amendments. This definition of "expert" does not include a fact witness who may also happen to be an expert in a particular field. If the individual is not providing testimony under Rule 702, he is not an expert witness for the purpose of Rule 26. *See Gomez v. Rivera Rodriguez*, 344 F.3d 103, 114 (1st Cir. 2003) (finding error in the exclusion of a lawyer's testimony for failure to designate the lawyer as an expert because he was a participant in the facts of the case and was to testify solely from personal knowledge).

Rule 26(a)(2)(A) only requires a party to provide the name of persons who may be used at trial to present evidence under Rules 702, 703 and 705. Fed. R. Civ. P. 26(a)(2)(A). Because this Rule does not require the disclosure of a fact witness's testimony, Regions had no obligation to disclose Mr. Jager as an expert, and the exclusion of his testimony for the failure to him as an "expert" is improper. *See id.*

Eliciting testimony of a treating physician as a witness is a common example of using an expert as a fact witness, and the Advisory Committee's Notes to the 1993 amendment to Rule 26 discusses this scenario. Cases interpreting the requirements of Rule 26 in relation to treating physicians consistently hold that a medical doctor is not an "expert" under Rule 702 if his testimony is based on personal observations made during the course of treatment and if the basis of the physician's testimony was not acquired or developed in anticipation of litigation or for trial. *See Brown v. Best Foods*, 169 F.R.D. 385, 387 (N.D. Ala. 1996) (*citing Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994)). Rather, "[p]hysicians who examined and prescribed treatment for a plaintiff 'cannot be considered merely as expert witnesses whose examination was limited to obtaining information to be used solely for the purpose of testifying as an expert in the case.'" *Id.* (*quoting McGuire v. Davis*, 437 F.2d 570,

4

572 (5th Cir. 1971)); *see also Wreath v. United States*, 161 F.R.D. 448, 449 (D. Kan. 1995) (to the extent that the treating physician testifies to the care and treatment of a patient, the physician is not a specially retained expert).

The testimony offered by Mr. Jager through his declaration is analogous to the testimony of a treating physician for admissibility purposes. Jager like a treating physician, is offering fact testimony and related observations derived from analysis in the ordinary course of business – and not for litigation purposes.[2] Moreover, Mr. Jager's testimony is limited to knowledge gained through personal observations – not his analysis of data and information assembled for litigation.

Accordingly, the Court's exclusion of Mr. Jager's declaration and testimony concerning factual information of which Mr. Jager is personally aware and that would aid the Court in determining the merits of this case would be improper.

---

[2] Mr. Jager has testified regarding consumer response to the Regions brand. The length of time he has performed research for Regions (Jager Decl. ¶ 2); that the surveys are qualitative, scientifically conducted and projectible (¶ 2); the methods he employed for the 2007 survey (¶ 4); the statistical margin of error and confidence interval for the 2007 survey (¶ 5); the results of the 2007 survey (¶ 6); and a comparison of the methodology of the 2007 survey with other surveys performed for Regions (¶ 7) are facts within Mr. Jager's personal knowledge to which may testify outside of Rules 702, 703 and 705. Mr. Jager has conducted this research on behalf of Regions over the years (¶¶ 2, 7) and personally compiled the report on methodology used in and the results of the July 2007 report. (¶ 3.)

Likewise, Mr. Jager's statement that awareness of the REGIONS brand in Montgomery is equal to or higher than awareness in Birmingham (¶ 8) is based upon Mr. Jager's personal observations and knowledge of historical trends in the two cities. Rule 701 of the Federal Rules of Evidence allows a fact witnesses to provide this kind of opinion testimony rationally based upon the perception of the witness and helpful to the trier of fact. Fed. R. Evid. 701. Mr. Jager bases his testimony on research he compiled (*See* ¶¶ 2, 7). This testimony helps the Court understand the awareness and strength of the REGIONS mark in defendant's primary location.

## Conclusion

As discussed herein, the Defendant's objections to the Declaration of Jim Jager are without merit and the Motion to Strike the Declaration should be denied.

Respectfully submitted this the 5th day of September, 2007.

/s/ William G. Pecau
One of the Attorneys for Plaintiffs Regions Asset Company, Regions Financial Company and Regions Bank

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
pclark@balch.com

William G. Pecau
Rachel M. Marmer
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202)429-6244
Facsimile: (202)429-3902
wpecau@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 5th day of September, 2007:

| Victor T. Hudson<br>William W. Watts, III<br>Hudson & Watts, LLP<br>Post Office Box 989<br>Mobile, Alabama 36601-0989 | James E. Shlesinger<br>Shlesinger, Arkwright & Garvey LLP<br>1420 King Street<br>Suite 600<br>Alexandria, Virginia 22314 |
|---|---|

/s/ William G. Pecau
Of Counsel