IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, REGIONS FINANCIAL CORPORATION and REGIONS BANK )<br><br>Plaintiffs, )<br><br>v. )<br><br>REGIONS UNIVERSITY, INC. )<br><br>Defendant. ) | Civil Action No. 2:06-cv-882-MHT |

## RESPONSE TO MOTION TO STRIKE PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Regions Asset Company, Regions Financial Corporation, and Regions Bank ("Regions"), hereby respond to Defendant's Motion to Strike Regions' Cross-Motion for Summary Judgment (Doc. 101).

### Background

Defendant filed a motion for summary judgment on the last day possible under the Scheduling Order – July 17, 2007. (*See* Defendant's MSJ, Doc. 48, filed July 17, 2007.) At that time, the parties were actively engaged in ongoing discovery including depositions and document productions. Regions moved for and obtained a one-week extension of time in which to respond to defendant's motion. During the preparation of its response to defendant's summary judgment motion – and with the benefit of additional discovery after July 17, 2007 – Regions determined that certain undisputed facts warranted a cross-motion for summary judgment. Therefore, Regions combined a cross-motion for summary judgment with its opposition to defendant's motion.

Defendant moved to strike Regions' cross-motion for summary judgment as untimely. Defendant's motion, however, should be denied for three reasons: (1) this Court has discretion to hear Region's cross-motion; and (2) judicial economy weighs heavily in favor of deciding Regions' cross-motion now; and (3) defendant will suffer no prejudice.

Defendant's motion to strike should be denied.

### Argument

### The Court Has Discretion to Entertain Region's Cross-Motion As-Filed, or Decide Summary Judgment In Favor of Regions *Sua Sponte*.

District courts have wide discretion in managing their dockets. *See e.g., Jones v. Coleman Co., Inc.*, 39 F.3d 749, 753-54 (7th Cir. 1994) For example, the Fifth Circuit, before the judicial spit resulting in the Eleventh Circuit, recognized that "[a] trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 5th Cir. 1977) (*quoting Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

In addition to the discretion afforded trial courts above, trial courts are also free to grant summary judgment *sua sponte*. *See Osler Inst., Inc. v. Forde*, 333 F.3d 832, 836 (7th Cir. 2003) (granting summary judgment *sua sponte* is permissible if the losing party has notice and an opportunity to come forward with evidence in opposition); *Nowlin v. Resolution Corp.*, 33 F.3d 498, 504, n.9 (5th Cir. 1994) (*sua sponte* grant of summary judgment permitted if adequate notice is given to the parties). The Court may grant summary judgment to a party that has not made a formal motion for summary judgment where the party has made clear its entitlement in other written submissions and the opposing party has had adequate opportunity to respond. *See* Moore's Federal Practice § 56.10[4][a][iii] (*citing Spickard v. Ribicoff*, 221 F. Supp. 555, 558

(D. Ky. 1962), and *Schneider v. O'Neal*, 145 F. Supp. 120, 128029 (E.D. Ark 1956), *aff'd in part and rev'd in part on other grounds*, 243 F.2d 914 (8th Cir. 1956)).

Here, Regions' cross-motion and brief demonstrate that there are no genuine issues of material fact to be decided by the fact-finder and that Regions, not defendant, is entitled to a judgment as a matter of law.

The interests of judicial economy soundly support the Court entertaining Regions' cross-motion for summary judgment. Trial in this case is set for November 26, 2007. A summary judgment ruling in favor of Regions would save significant court and party resources by resolving this dispute now. The Court will necessarily consider the law and facts governing this dispute. Therefore, Regions respectfully submits that the Court should exercise its discretion and entertain Regions' cross motion. Finally, defendant will suffer no prejudice by a consideration of Regions' cross motion and the swift resolution of this case. Indeed, defendant's motion to strike lacks any claim of prejudice.

Accordingly, defendant's motion to strike should be denied.

## Conclusion

For each of the reasons set forth herein, Defendant's Motion to Strike Regions Cross-Motion for Summary Judgment should be denied.

Respectfully submitted this the 5th day of September, 2007.

/s/ William G. Pecau
One of the Attorneys for Plaintiffs Regions Asset Company, Regions Financial Company and Regions Bank

3

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
pclark@balch.com

William G. Pecau
Rachel M. Marmer
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202)429-6244
Facsimile: (202)429-3902
wpecau@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 5th day of September, 2007:

| | |
|---|---|
| Victor T. Hudson<br>William W. Watts, III<br>Hudson & Watts, LLP<br>Post Office Box 989<br>Mobile, Alabama 36601-0989 | James E. Shlesinger<br>Shlesinger, Arkwright & Garvey LLP<br>1420 King Street<br>Suite 600<br>Alexandria, Virginia 22314 |

/s/ William G. Pecau
Of Counsel