IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
_____
REGIONS ASSET COMPANY, et al.,)
                              )
        Plaintiffs,           )
                              )
                              ) Civil Action No. 2:06-cv-882-MHT
                              )
REGIONS UNIVERSITY, INC.      )
                              )
        Defendant.            )
_____)
```

**MOTION FOR LEAVE TO FILE REPLY BRIEF
TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE DECLARATION OF JIM JAGER**

Defendant Regions University, Inc. moves this Court for leave to file a short Reply Brief to plaintiffs' opposition to defendant's motion to strike the declaration of Jim Jager, a copy of which is attached hereto as Exhibit A.

Respectfully submitted,

/s/ VICTOR T. HUDSON
[HUDSV1684]
tom@alabamatrial.com
WILLIAM W. WATTS, III
[WATTW5095]
bill@alabamatrial.com
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601

JAMES E. SHLESINGER
Shlesinger, Arkwright &
    Garvey LLP

        1420 King Street, Suite 600
        Alexandria, Virginia 22314

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    William G. Pecau, Esq.
    Rachel M. Marmer, Esq.
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036

    Charles B. Paterson, Esq.
    Paul A. Clark, Esq.
    BALCH & BINGHAM, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, Alabama  36104

        /s/ VICTOR T. HUDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____
REGIONS ASSET COMPANY, et al.,  )
                                )
        Plaintiffs,              )
                                )
                                ) Civil Action No. 2:06-cv-882-MHT
                                )
REGIONS UNIVERSITY, INC.         )
                                )
        Defendant.               )
_____)

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE DECLARATION OF JIM JAGER**

Defendant Regions University, Inc. ("the University") hereby files the following brief in reply to plaintiffs' opposition to defendant's motion to strike declaration of Jim Jager.

**I.**

**MR. JAGER'S DECLARATION IS EXPERT TESTIMONY THAT SEEKS TO
VALIDATE THE METHODOLOGY OF THE MARKET SURVEY REPORTS**

Consumer survey evidence, such as the New South Marketing Research Reports attached to the declaration of Jim Jager, are hearsay and inadmissible unless they become admissible under the residual hearsay exception, Rule 807, because of "circumstantial guarantees of trustworthiness." *See* Pittsburgh Press Club v. U.S., 579 F.2d 751, 757-58 (3rd Cir. 1978). Such "circumstantial guarantees of trustworthiness" can be satisfied

if the poll was conducted in accordance with generally accepted survey principles and if the results are used in a statistically correct way.  Id.  The Judicial Conference Study Group, in its Handbook of Recommended Procedures for the Trial of Protracted Litigation, 25 F.R.D. 351 (1960), discusses the several factors which must be examined when determining whether a survey or poll meets generally accepted survey principles.  This handbook has been adopted by the Eleventh Circuit.  See Brook Shoe Mfg. Co. v. Suave Shoe Corp., 716 F.2d 854 (11th Cir. 1983).[1]  "[S]urveys, since they involve hearsay, must be conducted with proper safeguards to insure accuracy and reliability."  579 F.2d at 758.

"Courts have generally found consumer survey evidence admissible under Daubert if a qualified expert testifies that the survey was conducted in a proper manner ... ."  Simon Property Group LP v. mySimon, Inc., 104 F.Supp.2d 1033, 1040 (S.D. Ind. 2000)(emphasis added); Accord Menasha Corp. v. News America Marketing In-store, Inc., 238 F.Supp.2d 1024, 1030 (N.D. Ill. 2003).  "Consumer survey results must be presented through experts."  Sears Roebuck & Co. v. Minard, 72 U.S.P.Q. 2d 1221, 2003 WL 168642 (N.D. Ill. 2003).

---

[1] Plaintiffs claim this case is inapposite because it pertains only to the admission of surveys that measure the potential confusion existing in the use of competing marks.  The standards set forth in the handbook are not so limited nor have they have been so limited by the courts.  They are applicable in assessing the reliability and trustworthiness of any poll or survey which seeks to draw conclusions from that survey.

2

Clearly, in the absence of expert testimony establishing their reliability and trustworthiness, the market research reports prepared through the years by New South Research for the plaintiffs would be inadmissible hearsay. The necessary foundation for those survey reports can only be provided by expert testimony. Mr. Jager's declaration seeks to provide that testimony, describing the surveys as "scientifically conducted and projectible surveys," describing the methodology used, identifying the interviewers as "professional," identifying the universe of respondents that was selected, and opining as to the statistical margin of error, and other matters that are not simply factual in nature but require expert testimony.

The decision cited by plaintiffs – <u>Brown v. Best Foods</u>, 169 F.R.D. 385 (N.D. Ala. 1996) – is of no help to them. The court in this case simply held that F.R.C.P. Rule 26(a)(2) did not require a written report from a treating physician who would testify at trial because he was not a witness "retained or specially employed to provide expert testimony in the case" only "specially retained" experts are required to submit written reports are required under that Rule. <u>Id</u>. at 387. There was no issue in that case about the failure to disclose the identity of the treating physician, and no suggestion that his identity did not need to be disclosed under Rule 26(a)(1). The only question was whether or not a written expert report was required. To the

3

extent the treating physician testified as to the care and treatment of the patient, he would be offering opinion testimony "under Fed. R. Evid. 702, 703 and 705." Id. at 388 (quoting Wreath v. U.S., 161 F.R.D. 448, 449 (D. Kan. 1995)).

Plaintiffs in this case were required to disclose the identity of any person offering evidence under F.R.E. Rules 702, 703 or 705, by June 15, 2007, under Section 8 of the Court's Uniform Scheduling Order (Doc. No. 19). This was not done with respect to Mr. Jager, nor was his identity disclosed at any time before the discovery cutoff on August 15. The declaration and survey reports should be stricken.

**II.**

**PLAINTIFFS WERE NOT TIMELY IN FURNISHING DOCUMENTS SUPPORTING THE METHODOLOGY OF THE SURVEYS**

Defendant complains primarily not as to the failure to produce the brand awareness studies on a timely basis but rather the failure to produce any of the documents supporting the methodology for the survey undertaken. In particular, the questionnaire that was used on the surveys was not produced until the last day of discovery, even though it had been requested much earlier on a Rule 30(b)(5) request, and even though such questions would be essential to establishing the reliability and trustworthiness of the survey reports. Defendant never had an opportunity to cross-examine any witness

4

with regard to the methodology used to produce the market research reports, even though a Rule 30(b)(6) deposition notice had been requested on that subject.

                                          Respectfully submitted,

                                          /s/ VICTOR T. HUDSON
                                          [HUDSV1684]
                                          tom@alabamatrial.com
                                          WILLIAM W. WATTS, III
                                          [WATTW5095]
                                          bill@alabamatrial.com
                                          Hudson & Watts, LLP
                                          Post Office Box 989
                                          Mobile, Alabama 36601


                                          JAMES E. SHLESINGER
                                          Shlesinger, Arkwright &
                                                Garvey LLP
                                          1420 King Street, Suite 600
                                          Alexandria, Virginia 22314

                                          ATTORNEYS FOR DEFENDANT


CERTIFICATE OF SERVICE

    I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

        William G. Pecau, Esq.
        Rachel M. Marmer, Esq.
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC 20036

        Charles B. Paterson, Esq.
        Paul A. Clark, Esq.
        BALCH & BINGHAM, LLP

       105 Tallapoosa Street, Suite 200
       Montgomery, Alabama  36104

                                      <u>/s/ VICTOR T. HUDSON</u>