IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGIONS ASSET COMPANY, REGIONS FINANCIAL CORPORATION and REGIONS BANK<br><br>Plaintiffs,<br><br>v.<br><br>REGIONS UNIVERSITY, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:06-cv-882-MHT<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
EXPERT TESTIMONY OF AVERY ABERNETHY**

Plaintiffs have tendered Dr. Avery Abernethy, a tenured marketing professor at Auburn University, to opine on three core issues: (1) the strength of the REGIONS brand; (2) Regions University's marketing strategy and brand, and (3) the harm to REGIONS brand based on defendant's use of the REGIONS mark.  Dr. Abernethy possesses "scientific, technical or other specialized knowledge" that will assist the trier of fact in coming to a decision in this case.  Fed. R. Evid. 702.  Dr. Abernethy's proffered testimony on each of these areas satisfies the "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *see also*, *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 592 (1993).

**I.     Dr. Abernethy Is A Qualified Marketing Expert**

Dr. Abernethy's qualifications as a marketing professional cannot be seriously disputed.  He holds a Ph.D in business administration (marketing) with a minor in econometrics and has been a professor at Auburn University for 20 years teaching all manner of marketing courses.  In

addition, he consults for companies regarding marketing strategies, has won several marketing awards and is well published in several highly respected, peer reviewed publications. PX 134.

## II.    Dr. Abernethy's Opinions Are Reliable and Will Assist the Trier of Fact

Dr. Abernethy's testimony satisfies both remaining *Daubert* inquiries. The second *Daubert* prong, reliability, is based on a consideration of factors such as (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in he specific community." *Quiet Tech. CD-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir.2003). Dr. Abernethy's testimony is reliable – it is based on his experience as a marketing professional as well as general and well recognized marketing and market research principals. An analysis of the reliability of Dr. Abernethy's testimony and the third *Daubert* inquiry, which asks whether the opinions would fit with the case and aid the trier of fact, is set forth below.

### A.    Strength of the REGIONS Brand in the Market

Dr. Abernethy's testimony regarding the REGIONS brand is reliable. Dr. Abernethy will address several important issues related to strength from a marketing perspective. He will explain each of the factors that marketing professionals consider, including distinctiveness, non-specific, unique and heavily used and supported. He will also provide opinion from a marketing perspective on the impact of the third party evidence on the strength of the REGIONS brand. Overall, he will apply the facts of this case to multi-factor strength analysis used by experts ultimately opining that the REGIONS name and brand is in fact strong.

Dr. Abernethy will also provide his opinion as a marketing expert concerning the reliability of the results of the market studies shown in PX 267, 217-220 (the "New South"

studies). He will analyze the methodology used in the studies, the design of the survey instrument and the overall reliability of these studies based on routine and well accepted market research principals and his years of experience. Dr. Abernethy will opine that the awareness studies that he relied upon in part in formulating his opinion are scientifically reliable and the sort of studies that marketing experts would routinely rely upon and that businesses perform to measure their brand awareness.

Marketing professors such as Dr. Abernethy have been permitted to offer brand strength testimony. In *Merisant Co. v. McNeil Nutritionals, LLC*, 515 F. Supp. 2d 509 (E.D. Pa. 2007), the court admitted expert testimony of a marketing expert for the purpose of providing opinion on brand positioning and strength. *Id.* at 541-42. Like there, Dr. Abernethy's specialized knowledge will help the Court parse through the relevant advertising and figures and show how the facts of this case fit into the many factors he and other marketing experts attribute to market strength. Dr. Abernethy will further aid the Court in assessing the reliability of the New South studies. He will also assist the Court in evaluating and analyzing the third party evidence from a marketing perspective. Dr. Abernethy's testimony is based on sound, fundamental marketing principals and years of important and relevant experience. It should be allowed.

**B.    The Regions University Marketing Strategy and Brand**

Based on the same generally accepted principles of marketing, Dr. Abernethy will discuss defendant's brand and marketing strategy and will opine on scope, target and purpose of defendant's advertising from a marketing perspective. Dr. Abernethy will testify that based on his experience and sound marketing principals, defendant's advertising is directed to quickly increase enrollment of tuition paying student who reside in Alabama and the south. Dr. Abernethy will further opine on the defendant's failure to retain its equity in the Southern

Christian University name through its decision to omit reference to the name in all its mass media advertising and the implications of such a decision from a marketing perspective. Dr. Abernethy will also explain how defendant is likely to benefit from a marketing perspective by adopting the REGIONS mark that is already inherently strong and has acquired strength through years of advertising. All of this testimony is based on years of professional experience and sound, generally accepted marketing principals.

As explained courts regularly permit experts to aid fact finders on the topic of marketing strategies. *Merisant*, 515 F. Supp. 2d at 541. This testimony concerning defendant's strategies and strength is therefore helpful to the Court: Dr. Abernethy's specialized knowledge in promotional strategies and brand placement is useful to assess the defendant's intent and whether it adopted the mark for the purpose of using the goodwill that Regions has built in its brand.

### C.      Harm to Regions by Defendant's use of REGIONS

Dr. Abernethy will offer expert testimony as to the means by which defendant can weaken and harm the REGIONS name and brand. He will opine on the various factors that are considered in assessing harm to brand from a marketing perspective as well as the marketing implication of the resulting harm from loss of business to damage to reputation and goodwill. This testimony will be based on fundamental marketing principals well accepted by marketing professionals. Dr. Abernethy has carefully reviewed the facts of this case and applied them to determine the likely harm to the REGIONS brand. He has skills and knowledge in these generally accepted marketing principles concerning the vulnerability and fragile nature of brands and how they can be damaged.

Dr. Abernethy's testimony goes directly to the heart of consumer of trademark and unfair competition law: whether Regions, who has spent hundreds of dollars over many years building

4

its REGIONS brand, is ultimately harmed by a junior user's use of a similar mark. *Merisant*, 515 F. Supp. 2d at 538-42 (allowing expert testimony of a marketing expert testifying to brand positioning and the marketing strategies of a party). This testimony will aid the Court in assessing the damage to the Regions brand.

### III. Conclusion

For all the reasons set forth above, Dr. Abernethy is qualified to offer relevant testimony that will aid the trier of fact. His testimony should be allowed.

Respectfully submitted this the 16th day of January, 2007.

/s/ William G. Pecau
One of the Attorneys for Plaintiffs Regions Asset Company, Regions Financial Corporation and Regions Bank

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
pclark@balch.com

William G. Pecau
Michael J. Allan
Rachel M. Hofstatter
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202)429-6244
Facsimile: (202)429-3902
wpecau@steptoe.com
mallan@steptoe.com
rhofstatter@steptoe.com

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing with the Clerk of the Court and service will be perfected electronically upon the following this 16th day of January 2008:

Victor T. Hudson
William W. Watts, III
Hudson & Watts, LLP
Post Office Box 989
Mobile, Alabama 36601-0989

James E. Shlesinger
Shlesinger, Arkwright & Garvey LLP
1420 King Street
Suite 600
Alexandria, Virginia 22314

                                           /s/ William G. Pecau
                                           One of the Attorneys for Plaintiffs Regions Asset Company, Regions Financial Corporation and Regions Bank